WILLIAM R. CAMPBELL AND LINDA E. CAMPBELL,
PETITIONERS v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 26990-86. Filed January 25, 1988.

*Darrell Rippy,* for the petitioners.
*Patrick McGinnis,* for the respondent.

OPINION

FAY, *Judge:* This matter is before the Court on petitioners' motion to dismiss for lack of jurisdiction and petitioners' motion to shift the burden of going forward with the evidence to respondent.[1] The issue is whether a notice of deficiency is rendered invalid where the computational pages attached to the notice of deficiency pertained to a taxpayer other than petitioners.

At all relevant times, petitioners resided in Barrington, Illinois.

On April 10, 1986, respondent mailed to petitioners a document containing 9 pages. The first page is a letter designated as Form 5601 (Rev. 4-85) (hereinafter the letter) addressed to petitioners. The first paragraph of the letter states:

> We have determined that there is a deficiency (increase) in your income tax as shown above. This letter is a NOTICE OF DEFICIENCY sent to you as required by law. The enclosed statement shows how we figured the deficiency.

The letter indicated, for petitioners' tax year ended December 31, 1982, a Federal income tax deficiency in the amount of $100,922, a section 6651(a)[2] addition to tax in the amount of $5,046.10, a section 6653(a)(1) addition to tax in the

---

[1] The motion filed by petitioners was entitled, "Petitioners' Motion to Assign Burden of Proof." The motion will be treated as a motion to shift the burden of going forward with the evidence to respondent. See *Kluger v. Commissioner,* 83 T.C. 309, 310 note 1 (1984).

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

amount of $5,160, and a section 6661 addition to tax in the amount of $10,092.32.[3]

The second page of the 9-page document is entitled "Notice of Deficiency-Waiver" and is designated as Form 5564 (Rev. 5-83) (hereinafter the waiver). The waiver contains petitioners' names and sets forth the amounts of deficiency and additions to tax as set forth in the letter.

The third through ninth pages of the 9-page document contain adjustments to income and explanations of adjustments for a taxpayer by the name of Dan Daigle (hereinafter the Daigle papers).[4] The Daigle papers make no reference to petitioners, and the amounts computed therein bear no relation to the amounts set forth in the letter and waiver. The Daigle papers were apparently attached to the letter and waiver through inadvertence.[5]

Petitioners filed a petition alleging that the notice of deficiency was invalid. Respondent filed an answer, attached to which was a 12-page document. The first and second pages of the 12-page document are copies of the letter and the waiver.

The 3d through 12th pages of the 12-page document contain adjustments to income and explanations of adjustments for petitioners (hereinafter the Campbell papers). The Campbell papers describe and make reference to the amounts of the following items reported on petitioners' 1982 return: taxable income, tax, investment tax credit, investment tax credit carryover to 1982, and losses from partnerships by the name of Jackson Hole, Ltd., C-99, Ltd., and Consolidated, Ltd. The Campbell papers fully explain how respondent determined a Federal income tax deficiency in the amount of $100,922, a section 6651(a) addition to tax in the amount of $5,046, a section 6653(a) addition to tax in the amount of $5,160, and a section 6661 addition to tax in the amount of $10,092.

Petitioners filed a motion to dismiss for lack of jurisdiction and a motion to shift the burden of going forward with

---

[3]The letter also indicated a sec. 6653(a)(2) addition to tax equal to 50 percent of the interest due on the deficiency.

[4]Dan Daigle is a fictitious name. The actual name of the taxpayer is being withheld to avoid further violation, if any, of 26 U.S.C. sec. 6103 (1982).

[5]On the same day that respondent mailed the 9-page document to petitioners, respondent also mailed a notice of deficiency to Dan Daigle.

the evidence to respondent. A hearing on these motions was held.

We will first consider petitioners' motion to dismiss for lack of jurisdiction. Petitioners contend that the notice of deficiency is invalid and, therefore, this Court lacks jurisdiction. Petitioners cite only one case in the two memoranda they filed in this matter: *Scar v. Commissioner,* 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983).

In *Scar v. Commissioner, supra* the taxpayers were sent a notice of deficiency which disallowed deductions from a partnership, with which the taxpayers had no connection, and computed a tax due using the then-highest marginal rate. The notice of deficiency contained the following statement:

In order to protect the government's interest and since your original income tax return is unavailable at this time, the income tax is being assessed at the maximum tax rate of 70%.

[*Scar v. Commissioner, supra* at 1365.]

The taxpayers, after petitioning this Court, filed in this Court a motion to dismiss for lack of jurisdiction and a motion for summary judgment, alleging that the notice of deficiency was invalid. This Court held that the notice of deficiency was valid, denied the taxpayers' motions, and, pursuant to a stipulation, entered a deficiency against the taxpayers. *Scar v. Commissioners, supra* at 1366.

On appeal, the Ninth Circuit interpreted section 6212(a)[6] to hold that the "determination" requirement of that section "has substantive content." *Scar v. Commissioner, supra* at 1369. The Ninth Circuit concluded "that the Commissioner must consider information that relates to a particular taxpayer before it can be said that the Commissioner has 'determined' a 'deficiency' in respect to that taxpayer." *Scar v. Commissioner, supra* at 1368. The Ninth Circuit reversed this Court's ruling and held that the notice of deficiency was invalid because "the Commissioner's purported notice of deficiency revealed on its face that no

---

[6]Sec. 6212(a) provides:

If the Secretary *determines* that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, 44, or 45, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. [Emphasis added.]

*determination* of tax deficiency had been made." *Scar. v. Commissioner, supra* at 1370. Emphasis added.

*Scar v. Commissioner, supra* is clearly distinguishable. The letter and waiver, the first 2 pages of the 9-page document, clearly indicate that the taxpayers against whom the deficiency was determined were the petitioners. The Daigle papers, the remaining pages of the 9-page document, clearly indicate that the computation of deficiency was for the taxpayer Dan Daigle. There is absolutely no correlation between the amounts of the deficiency and the additions to tax set forth in the letter and waiver and the amounts of the deficiency and the additions to tax computed in the Daigle papers. There is no indication in the 9-page document that respondent failed to consider information that related to petitioners. Accordingly, we hold that the 9-page document does not reveal on its face that the Commissioner failed to make a determination.

Where the notice of deficiency does not reveal on its face that the Commissioner failed to make a determination, a presumption arises that there was a deficiency *determination. Scar v. Commissioner, supra* at 1367 note 6 and 1369 note 9. The presumption that there was a determination is made conclusive by the 12-page document attached to respondent's answer. The Campbell papers, the final 10 pages of the 12-page document, considered several items reported on petitioners' 1982 return to arrive at a deficiency and several additions to tax in amounts which exactly equal the amounts of the deficiency and additions to tax set forth in the letter.[7] Mere coincidence does not adequately account for the correspondence of these amounts. Further, it is not conceivable that the Campbell papers could have been prepared subsequent to the date of the letter in such a manner that the amounts of the deficiency and additions to tax exactly corresponded to the deficiency and additions to tax set forth in the letter. We are left with the only logical conclusion: respondent, after examining petitioners' tax return, *determined* a deficiency and additions to petitioners' tax and sent a notice of such deficiency determination to petitioners with the wrong computational sheets. We hold

[7]The 10-cent discrepancy between the amount of the sec. 6651(a) addition to tax computed in the Campbell papers and set forth in the letter is immaterial.

that respondent, as required by section 6212(a), *determined* a deficiency against petitioners.

Petitioners misstate the holding of *Scar v. Commissioner, supra,* by stating that such case "require[s] an affirmative showing [by respondent] that a determination set forth in an alleged notice of deficiency has been made on the basis of the petitioners' return." The Ninth Circuit specifically addressed this issue and held that it imposed no such requirement under normal circumstances. *Scar v. Commissioner, supra* at 1367 n. 6. Where the alleged notice of deficiency reveals on its face that respondent failed to make a determination, then the Ninth Circuit would require respondent to prove that he did make a determination. Here the 9-page document does not reveal on its face that respondent failed to make a determination. Accordingly, respondent is not required to prove that he made a determination, though he did in fact so prove. Petitioners' contention that *Scar v. Commissioner, supra,* requires the invalidation of the notice of deficiency issued in this case is without merit.

Petitioners raised concerns that the notice of deficiency sent in this case requires them "to resort to the burdensome and expensive process of attempting to maintain their position against unknown assertions for the basis of their alleged liability for additional tax." To an extent, petitioners may be correct. They were not able to set forth in their petition "Clear and concise assignments of each and every error * * * committed by the [respondent] in the determination of the deficiency" or "Clear and concise * * * statements of the facts on which [they base] the assignments of error" as required by Rule 34(b)(4) and (5). Petitioners, should it be necessary, and other taxpayers who petition this Court under similar circumstances, will be allowed to amend their petition to comply with Rule 34(b)(4) and (5) within a reasonable period after respondent informs them of the manner in which the deficiency and additions to tax were determined. By allowing amendment to the petition, the petition need not attempt to maintain positions against unknown assertions, but rather may allege that respondent has committed error and indicate that compliance with Rule 34(b)(4) and (5) is not possible until respondent reveals the

basis for his determination, if, in fact, a determination was made.[8] By following this procedure, petitioners' burden and expense will be minimized. We consider this a much more appropriate manner to address petitioners' concerns than invalidation of the notice of deficiency, as suggested by petitioners.

No particular form is required for a valid notice of deficiency, and respondent need not explain how the deficiencies were determined. *Scar v. Commissioner, supra* at 1367 and cases cited therein. The notice must advise the taxpayer that respondent has, in fact, determined a deficiency, and must specify the year and amount. *Foster v. Commissioner,* 80 T.C. 34, 229-230 (1983), affd. in part and vacated in part 756 F.2d 1430 (9th Cir. 1985). In consideration of all the facts and circumstances, we hold that the 9-page document constitutes a valid notice of deficiency. Petitioners' motion to dismiss for lack of jurisdiction will be denied.

We will now consider petitioners' motion to shift the burden of going forward. It appears as though the parties have settled the underlying substantive issues presented in this case.[9] Accordingly, petitioners' motion will be denied as moot. If the Court is ultimately required to reach the substantive issues presented in this case, petitioners will be allowed to refile their motion.

To reflect the foregoing,

*An appropriate order will be issued.*

---

[8]The petition in this case basically followed this format.

[9]The post-trial memorandum filed by petitioners did not even make reference to petitioners' motion to shift the burden of going forward.