MARTIN G. and MARILYN H. KLEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klein v. Commissioner
Docket No. 21472-88.
United States Tax Court
T.C. Memo 1989-283; 1989 Tax Ct. Memo LEXIS 283; 57 T.C.M. (CCH) 686; T.C.M. (RIA) 89283; June 13, 1989. Sidney Eagle, for petitioners. Wilton A. Baker, for respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. This case is before the Court on petitioners' motion to dismiss. The *284 gravamen of that motion is that the statutory notice for the 1980 taxable year is invalid. The facts are as follows. Martin G. Klein (petitioner) [1] was a partner in Agina Company during 1980. Agina, in turn, was a partner in Cambridge Financial Group. Cambridge was a partnership promoted by Edward A. Markowitz and others. Markowitz ultimately was convicted of charges involving various tax programs that he promoted. Respondent examined the Schedule K-1 submitted by Cambridge. That K-1 led to Agina. Agina's 1980 partnership return (Form 1065) only showed a loss in the amount of $ 185,000. This amount is the same as the amount shown on the Cambridge K-1 to Agina. From the K-1 of Agina, respondent determined that petitioner was a partner of Agina, disallowed the proportionate loss flowing from Cambridge through Agina to petitioner shown on petitioner's return, and issued a notice of deficiency to petitioner. Petitioner filed a petition with this Court. Petitioner resided in Connecticut when the petition was filed. The heart of petitioner's *285 arguments is that the notice of deficiency is invalid because "Agina's 1980 tax return has never been audited, nor has there been a determination disallowing any of Agina's losses." Petitioner relies on , and section 6212. [2]
Initially, we note that the year involved is prior to the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324. Accordingly, the provisions relating to TEFRA partnerships (sections 6221 et seq.) do not apply. Thus, petitioner's argument must be predicated on the premise that there must be some type of formal examination of the partnership return by contacting a representative of the partnership. While it is unclear if there was any contact between respondent and a representative of Agina, we are willing to assume that there was no such contact. Section 6212(a) provides that "If the Secretary determines that there is a *286 deficiency * * * he is authorized to send notice of such deficiency * * *." The language of section 6212 simply requires that respondent make a determination of a deficiency. Petitioner contends, however, that to make such a determination there must be an examination of a return, citing In Scar, respondent received erroneous information that the taxpayers claimed deductions from "Nevada Mining" partnership. The notice of deficiency stated, in part, "In order to protect the government's interest and since your original income tax return is unavailable at this time, the income tax is being assessed [sic] at the maximum tax rate of 70%. The tax assessment [sic] will be corrected when we receive the original return or when you send a copy of the return to us." 81 T.C. at 857. The taxpayers, in fact, had no interest in " Nevada Mining." This Court held that the notice of deficiency was sufficient to establish the Court's jurisdiction. On appeal, the Ninth Circuit held on these particular facts that respondent had not made a "determination" required by section 6212(a). In this case, however, Cambridge, along with other *287 Markowitz programs, was the subject of intense investigation culminating in a criminal prosecution of the promoter. The paper trail of K-1s and partnership and individual returns then led to the issuance of the notice of deficiency. While it may be that the partners of Agina were never contacted, the K-1 from Cambridge and the partnership return made this unnecessary. In short, there clearly was a determination by respondent. This is a totally different situation from that that existed in Scar.
To the extent that petitioner contends that respondent must contact a representative of Agina or petitioner in order for there to be a "determination" under section 6212(a), we reject that contention. This is not a situation where, as in Scar, respondent appeared in the wrong ball park. Rather, he was in the correct ball park, was at bat and knew both the game and the ball park well. [3] Petitioners' motion to dismiss will be denied. An appropriate order will be issued.
Footnotes
1. Marilyn H. Klein is a party because she filed a joint return with Martin. The disputed transactions involved Martin Klein.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided.↩
3. Compare fn. * (1975) (Blackmun, J. concurring).↩