JOHN A. AND SUSAN C. MCGUIRE, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGuire v. Commissioner
Docket No. 28105-86
United States Tax Court
T.C. Memo 1990-610; 1990 Tax Ct. Memo LEXIS 690; 60 T.C.M. (CCH) 1346; T.C.M. (RIA) 90610; December 4, 1990, Filed John A. McGuire, pro se. Jeffery N. Kelm *691 and Albert A. Balboni, for the respondent. POWELL, Special Trial Judge.
POWELL
*1955 MEMORANDUM OPINION This case involves deductions claimed for losses incurred in certain straddle transactions conducted with an entity known as Hillcrest Securities. [1] Petitioners concede that the transactions were not bona fide; they contend, however, that the Court lacks jurisdiction because the notice of deficiency was invalid under the reasoning of Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), and, on June 11, 1990, filed a Motion to Dismiss. The underlying facts are not in dispute and may be summarized as follows.
During 1982, *692 petitioner John A. McGuire entered into certain alleged straddle transactions with Hillcrest that gave rise to purported losses in the amount of $ 78,212 that petitioners claimed on their 1982 Federal income tax return. By a notice of deficiency, dated July 2, 1986, respondent disallowed the deductions, increased petitioner's gross income for an amount of unreported interest and determined additions to tax under sections 6653(a) and 6661. [2] He also determined that increased interest under section 6621(d) (now section 6621(c)) was due. The relevant parts of the notice of deficiency state: HILLCREST SECURITIES CORPORATION, INC. I IT IS DETERMINED THAT THE DEDUCTIONS, INCOME, GAINS AND LOSSES REPORTED BY YOU ON YOUR INCOME TAX RETURN FOR THIS TAXABLE PERIOD FROM ALLEGED TRADING IN GOVERNMENT SECURITIES, CANNOT BE RECOGNIZED SINCE IT HAS BEEN DETERMINED THAT THE TRANSACTIONS *693 WERE PRECONCEIVED SHAMS LACKING ECONOMIC SUBSTANCE. FURTHER, THE TRANSACTIONS AND LOSSES DID NOT OCCUR OR OCCUR IN THE MANNER CLAIMED. FURTHER, RECOGNITION OF THE CLAIMED DEDUCTIONS, INCOME, GAINS AND LOSSES AS PURPORTED *1956 WOULD DISTORT THE ECONOMIC REALITY OF THHE [sic] ENTIRRE [sic] TRANSACTION. NO GENUINE LOSS OCCURRED AND THE ENTIRE TRANSACTION LACKED ECONOMIC REALITY. ADDITIONALLY, THE CLAIMED LOSSES IN THIS TAXABLE PERIOD ARE DISALLOWED BECAUSE OF THE LACK OF ANY PROFIT MOTIVE. MOREOVER, THE CLAIMED LOSSES ARE DISALLOWED BECAUSE THEY DO NOT CLEARLY REFLECT INCOME. SHOWN ON RETURN OR AS PREV. ADJUSTED
$ (78,212.00)
CORRECTED AMOUNT
$       0.00 ADJUSTMENT
$   78,202.00 * * * IT IS DETERMINED THAT YOU REALIZED INTEREST INCOME IN THE AMOUNT SHOWN WHICH YOU FAILED TO REPORT ON YOUR INCOME TAX RETURN. ACCORDINGLY, YOUR TAXABLE INCOME IS INCREASED BY THAT AMOUNT FOR THIS TAXABLE PERIOD.
SHOWN ON RETURN OR AS PREV. ADJUSTED
$       0.00
CORRECTED AMOUNT
$     308.00
ADJUSTMENT
308.00
TAX MOTIVATED TRANSACTIONS PART OF THE UNDERPAYMENT OF YOUR INCOME TAX FOR THIS TAXABLE PERIOD IS *694 AA [sic] SUBSTANTIAL UNDERPAYMENT ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS UNDER SECTION 6621 (d) OF THE INTERNAL REVENUE CODE. THE UNDERPAYMENT ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS AS SHOWN FOR THIS TAXABLE PERIOD. ACCORDINGLY, THE ANNUAL RATE OF INTEREST PAYABLE ON YOUR INCOME TAX FOR THIS TAXABLE PERIOD RESULTING FROM THE SUBSTANTIAL UNDERPAYMENT OF TAX ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS SHALL BE 120 PERCENT OF THE ADJUSTED RATE ESTABLISHED UNDER SECTION 6621(b) OF THE INTERNAL REVENUE CODE. PENALTIES SINCE ALL OR PART OF THE TAX IS DUE TO NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS, YOU ARE LIABLE FOR A PENALTY UNDER SECTION 6653(a) OF THE INTERNAL REVENUE CODE. THIS PENALTY IS 5 PERCENT OF THE FULL UNDERPAYMENT OF TAX PLUS 50 PERCENT OF THE INTEREST DUE ON THE PART OF THE UNDERPAYMENT ATTRIBUTABLE SOLELY TO NEGLIGENCE. THE ADDITION TO TAX UNDER THIS PROVISION IS CONSIDERED TO BE A STATED AMOUNT EVEN THOUGH THE ADDITION IS DEPENDENT ON THE INTEREST DUE ON THE UNDERPAYMENT.
PENALTIES SINCE THERE IS A SUBSTANTIAL UNDERSTATEMENT OF INCOME TAX YOU ARE LIABLE FOR A PENALTY OF 10 PERCENT UNDER SECTION 6661 OF THE INTERNAL REVENUE *695 CODE. IN ADDITION, INTEREST IS FIGURED ON THE PENALTY FROM THE DUE DATE OF THE RETURN (INCLUDING EXTENSIONS). SEE CODE SECTION 6601(e)(2). For the purposes of deciding the present issue, the Court assumes that respondent did not contact petitioners prior to the mailing of the notice of deficiency. We are also willing to assume that, as petitioners allege, they attached copies of the confirmations of the Hillcrest transactions to their tax return. Section 6212(a) provides, inter alia, that "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A * * *, he is authorized to send notice of such deficiency to the taxpayer." [Emphasis supplied.] As we understand their argument, petitioners do not dispute that there was a determination made by the Secretary with respect to the underlying merits of the Hillcrest transactions. Rather, their argument is: When issuing petitioner's [sic] 1982 deficiency notice, the Commissioner made no attempt to ascertain whether the penalties were warranted. It seems clear petitioner's [sic] return was not reviewed since complete disclosure of the transaction was made on the return, including *696 the attachment to the return of a copy of the brokerage statement reflecting the transactions (the only documentation of the transactions which petitioner [sic] had). As early as 1921 * * * the Commissioner announced that complete disclosure of a non frivolous position prevents the imposition of the negligence penalty. Nor did the Commissioner make an attempt, before asserting negligence in the deficiency notice, to determine whether the reasonable man standard was met. [Footnotes omitted.] Petitioners then conclude that "the Commissioner had not, at least as to the penalties, examined his [sic] return and correspondingly could not have 'determined' a deficiency," and the notice is invalid under Scar v. Commissioner, supra.
There are several underlying assumptions in petitioners' argument that are flawed. First, *1957 petitioners assume that there was no examination of their return because respondent determined additions to tax for negligence when they had attached the confirmation slips to their return. But, this is a non sequitur. If, as determined by respondent and now conceded by petitioners, the transactions were not bona fide, the *697 fact that bogus confirmation slips were attached to the return does not establish that there was no examination of the return. Second, it is clear from the notice of deficiency that respondent did determine that additions to tax were applicable. The fact that respondent may not have had all pertinent information does not belie the fact that he did make a determination however right or wrong it may have been. That is all that section 6212 requires. See Pearce v. Commissioner, 95 T.C. (Sept. 12, 1990); Campbell v. Commissioner, 90 T.C. 110 (1988); Clapp v. Commissioner, 875 F.2d 1396 (1989). Finally, to the extent that petitioner contends that there must be personal contact between the taxpayer and the examining agent in order that a "determination" of liability be made, we reject such reasoning. There was an extensive investigation of the Hillcrest program that eventually led to several convictions of some of the principals. Petitioners, further, agree that their return clearly reflected transactions with the Hillcrest organization. As we noted in Klein v. Commissioner, T.C. Memo. 1989-283, 57 T.C.M. 686, 687, 58 P-H Memo T.C. par. 89,283 at 1422: *698 "This is not a situation where, as in Scar, respondent appeared in the wrong ball park. Rather, he was in the correct ball park, was at bat, and knew both the game and the ball park well." An appropriate order will be issued. Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d), Internal Revenue Code (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rules 180 et seq., Tax Court Rules of Practice and Procedure.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect for the year in issue.↩