KIMI VIRGINIA IKEDA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ikeda v. Commissioner
Docket No. 9750-91
United States Tax Court
T.C. Memo 1992-578; 1992 Tax Ct. Memo LEXIS 598; 64 T.C.M. (CCH) 934; September 28, 1992, Filed *598 Decision will be entered for respondent. For Kimi Virginia Ikeda, pro se. For Respondent: Stephen S. Ash. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency in and additions to petitioner's 1988 Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Deficiency
6651(a)(1)
6653(a)(1)
6654(a)
$ 12,278
$ 3,070
$ 614
$ 786
All section references are to the Internal Revenue Code in effect for the taxable year 1988, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are: 1. Whether petitioner failed to report income as determined by respondent. We hold that she did. 2. Whether petitioner is liable for the addition to tax for failure to file a tax return. We hold that she is. 3. Whether petitioner is liable for the negligence addition to tax. We hold that she is. 4. Whether petitioner is liable for the addition to tax for failure to pay estimated taxes. We hold that she is. FINDINGS OF FACT At the time petitioner filed her petition, she resided in Mesa, Arizona. At all relevant times, petitioner was a citizen of the United States *599 and a resident of the State of California. Prior to the year in issue, petitioner attended the University of Arizona for 4 years, but she did not obtain a college degree. During the year in issue, petitioner was employed by Litigation Resources and Consulting (LRC) which is located in Van Nuys, California. Petitioner performed paralegal and clerical services for LRC. Petitioner also provided paralegal services to clients of LRC. Petitioner did not perform legal research services for LRC or on behalf of LRC. Instead, petitioner's paralegal services included preparing deposition summaries and maintaining legal files. LRC compensated petitioner on the basis of an hourly wage and on the basis of a basic standard rate per job. Petitioner's hourly rate varied from $ 10 to $ 30. Petitioner performed between 1 and 100 jobs on behalf of LRC in 1988. LRC paid petitioner by check as compensation for services rendered, and petitioner cashed such checks promptly upon receipt. Petitioner cannot recall exactly how much income she earned in 1988. Respondent determined that petitioner did not file a Federal income tax return for taxable year 1988. Petitioner refused at trial to answer *600 whether she had filed such a return on the grounds of self-incrimination. Petitioner believed that either she or her fiduciary filed all required returns for taxable year 1988. Respondent issued a notice of deficiency to petitioner for taxable year 1988 in which respondent determined that petitioner received unreported income from LRC in the amount of $ 38,950. Respondent calculated and determined a deficiency in petitioner's 1988 income tax in the amount of $ 12,278. Respondent also determined that petitioner was liable for the addition to tax for failure to file a tax return pursuant to section 6651(a)(1), the negligence addition to tax pursuant to section 6653(a)(1), and the addition to tax for failure to pay estimated taxes pursuant to section 6654(a). At trial, petitioner asserted several meritless arguments in support of her contention that respondent's determinations should not be sustained. In response thereto, the Court advised petitioner of the potential imposition of sanctions pursuant to section 6673 in an amount up to $ 25,000 for asserting frivolous or groundless positions. Petitioner's post-trial memorandum reiterates many of the meritless positions petitioner *601 has consistently asserted throughout these proceedings and is replete with allegations regarding errors made by this Court at trial. OPINION Issue 1. Deficiency in Income Tax
Section 1 of subtitle A imposes an income tax on the taxable income of every individual who is a citizen or resident of the United States. Sec. 1; sec. 1.1-1(a)(1), Income Tax Regs. Taxable income means gross income less those deductions specifically allowed by the Internal Revenue Code. Sec. 63(a). Gross income is defined as income from whatever source derived, including compensation for services rendered. Sec. 61(a)(1). If respondent determines that there is a deficiency in respect of any income tax imposed by subtitle A, respondent is authorized to send a notice of such deficiency to the taxpayer. Sec. 6212(a). In the notice of deficiency issued to petitioner, respondent determined that petitioner failed to report income in taxable year 1988 in the amount of $ 38,950 that she received from LRC and had a deficiency in her 1988 income tax in the amount of $ 12,278. Respondent's determinations are generally entitled to a presumption of correctness, and petitioner has the burden of proving by *602 a preponderance of the evidence that respondent's determinations are erroneous. Rule 142(a); Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985), affg. an unreported Order of this Court. Petitioner was employed by LRC in 1988 and earned income therefrom. Petitioner could not recall how much income she actually did receive from LRC in 1988, and offered no evidence to dispute respondent's determination that she received yet failed to report income in the amount of $ 38,950. Therefore, we sustain respondent's determination that for taxable year 1988 petitioner failed to report income in the amount of $ 38,950 and had a deficiency in income tax in the amount $ 12,278. See Rule 142(a). Petitioner has asserted many arguments in support of her contention that respondent's deficiency determination should not be sustained. We have considered such arguments and find them meritless. However, to clarify one consistently murky area for petitioner, we do address one. Throughout these proceedings, citing Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), petitioner has *603 contended that before it can be found that respondent has made a deficiency determination, respondent must show how she initially determined that a factual relationship existed between petitioner and the taxable activity and/or income in question. The Ninth Circuit in Scar held that the Commissioner must consider information that relates to a particular taxpayer before it can be said that the Commissioner has "determined" a deficiency in respect to that taxpayer. Id. at 1368. The Ninth Circuit and this Court has subsequently held that the holding in Scar is limited to situations where the notice of deficiency itself reveals on its face that the deficiency was not based on information that related to the taxpayer. Clapp v. Commissioner, 875 F.2d 1396, 1402 (9th Cir. 1989), affg. an unreported decision of this Court; Campbell v. Commissioner, 90 T.C. 110, 113-114 (1988). The notice of deficiency issued to petitioner does not reveal that the deficiency was not based on information that related to petitioner. Instead, respondent specifically determined in the notice that petitioner received unreported income *604 from LRC in 1988 in the amount of $ 38,950. This information specifically relates to petitioner. Accordingly, petitioner's reliance on Scar v. Commissioner, supra, is inappropriate. Issue 2. Addition to Tax for Failure to File Tax Return
Respondent further determined that petitioner failed to file a Federal income tax return for 1988 and accordingly determined that petitioner was liable for the addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) specifically provides for an addition to tax for failure to timely file a return, unless it is shown that such failure is due to reasonable cause and not willful neglect. Petitioner has the burden of proving that the addition to tax for failure to file a return should not be upheld. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Clayden v. Commissioner, 90 T.C. 656, 677 (1988). Petitioner contends that either she or her alleged fiduciary filed all the returns she was required to file for taxable year 1988, and that respondent failed to notify her of her responsibility to file an income tax return reporting income *605 derived from compensation for services rendered. Section 6012 of subchapter A of chapter 61 provides that with respect to income taxes under subtitle A, every individual having for the taxable year gross income equaling or exceeding the exemption amount is required to file a return. Respondent determined that petitioner failed to file such a return for the taxable year at issue. On the grounds of self-incrimination, petitioner refused to acknowledge whether she filed a 1988 Federal income tax return. [1] Petitioner has failed to introduce any evidence indicating that she did in fact file such a return or indicating that her failure to do so was due to reasonable cause and not to willful neglect. Accordingly, since petitioner has failed to carry her burden of proof on this issue, we sustain respondent's determination that petitioner is liable for the addition to tax for failure to timely file an income tax return. See Rule 142(a). *606 Issue 3. Negligence Addition to Tax
In respondent's notice of deficiency, respondent determined that petitioner's underpayment of income taxes in 1988 was due to negligence or intentional disregard of rules or regulations and, accordingly, determined that petitioner was liable for the negligence addition to tax pursuant to section 6653(a)(1). Negligence under section 6653(a) (1) means lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Sec. 6653(a)(3); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has the burden of proving that she is not liable for the negligence addition to tax. Rule 142(a); Welch v. Helvering, supra; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). The Court finds petitioner to be a fairly intelligent individual. Petitioner failed to report income she does not deny receiving or earning for 1988. She has presented no evidence to dispute any of respondent's determinations and has asserted nothing but meritless arguments to support her contention that respondent's determinations *607 are erroneous. Petitioner has presented no evidence to refute the addition to tax under section 6653(a)(1) for negligence or intentional disregard of rules or regulations. Accordingly, we sustain respondent's determination on this issue. See Rule 142(a). Issue 4. Addition to Tax for Failure to Pay Estimated Taxes
In respondent's notice of deficiency, respondent determined that petitioner was liable for the addition to tax pursuant to section 6654(a) for failure to pay estimated income taxes. Petitioner has the burden of proving that she is not liable for this addition to tax. Rule 142(a); Welch v. Helvering, supra; Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982). Petitioner has failed to introduce any evidence indicating that respondent's determination is erroneous. Accordingly, we conclude that petitioner is liable for the addition to tax under section 6654(a). See Rule 142(a). In closing, we note that at trial we advised petitioner of the potential imposition of a sanction pursuant to section 6673(a)(1) for asserting frivolous or groundless positions. We further advised her that cases *608 based upon such positions are burdensome both to this Court and to society as a whole, as discussed in Hatfield v. Commissioner, 68 T.C. 895, 899 (1977). Petitioner's post-trial memorandum contains many of the meritless positions that petitioner asserted throughout these proceedings. Accordingly, in the exercise of our discretion we require petitioner to pay a penalty of $ 10,000 to the United States pursuant to section 6673(a)(1). To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Petitioner's refusal to acknowledge such cannot be used to meet her burden of proof on this issue. Taxpayers cannot use the Fifth Amendment privilege, even when properly invoked, to meet their burden of proof in a civil proceeding they have instituted. United States v. Rylander, 460 U.S. 752, 758 (1983); Steinbrecher v. Commissioner, 712 F.2d 195, 198 (5th Cir. 1983), affg. T.C. Memo. 1983-12↩.