RICHARD L. WATSON AND CAROLYN J. WATSON, a.k.a. CAROLYN J. ARNOLD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watson v. Commissioner
Docket No. 25809-86
United States Tax Court
T.C. Memo 1993-42; 1993 Tax Ct. Memo LEXIS 38; 65 T.C.M. (CCH) 1856; February 2, 1993, Filed *38 P filed a motion to vacate decision. P, relying on Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), argued that the notice of deficiency was invalid because R failed to make the requisite determination. Held: The notice of deficiency is valid. For Petitioners: James T. Burns. For Respondent: Alan S. Kline. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent determined income tax deficiencies for petitioners' 1979, 1980, 1981, and 1982 taxable years. Separate notices were issued for 1979 and 1980 and another for 1981 and 1982. Separate notices were apparently required because petitioners filed jointly for 1981 and 1982 and separately for 1979 and 1980. The only substantive adjustments were made to the 1982 taxable year. The 1979, 1980, and 1981 tax years are involved solely because of carryback losses claimed from the 1982 tax year. A decision in this case was entered on July 11, 1988, pursuant to the terms of a stipulated settlement entered into by the parties. Petitioners filed a Motion to Vacate Decision on August 5, 1991. Petitioners maintain that this Court did not have jurisdiction because the notice of deficiency is *39 invalid. Petitioners rely on Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983). [1] We consider here whether the notice is a valid statutory notice of deficiency.
Petitioners lived in Cerritos, California, at the time of filing the petition. The deficiencies are attributable to the disallowance of two items: A loss attributable to the Lever Equipment Fund I partnership (Lever), a partnership in which petitioners had an interest, and a portion of petitioners' medical expense deduction. The notice of deficiency concerning 1982 and 1981 contains the statement that "In order to protect the government's interest and since your original income tax return is unavailable at this time, the income tax is being assessed at the *40 maximum tax rate of 50%." Also attached to the notice was a schedule titled "Explanation of Penalties", a Form 4549-A (Income Tax Examination Changes), and an explanation of the adjustments to items, including the medical expense deduction. Based on the language used in the notice, petitioners assert that the notice is invalid under section 6212(a) [2] because respondent failed to determine a deficiency. See Scar v. Commissioner, supra at 1368-1370. In Scar, the taxpayers received a statutory notice of deficiency that adjusted the taxpayers' income by $ 138,000. The notice designated "Partnership -- Nevada Mining Project" as the source of the adjustment, a partnership in which the taxpayers' did not have an interest. Id. at 1365. The notice showed *41 the corrected income tax liability as $ 96,600, which was arrived at by multiplying 70 percent times $ 138,000. Id. The notice also contained the statement that "In order to protect the government's interest and since your original income tax return is unavailable at this time, the income tax is being assessed at the maximum tax rate of 70%" (hereinafter the Scar language). Id.
The Court of Appeals for the Ninth Circuit, in reversing this Court, held that the notice of deficiency was invalid under section 6212(a). Id. at 1370. The court decided that "the Commissioner must consider information that relates to a particular taxpayer before it can be said that the Commissioner has 'determined' a 'deficiency' in respect to that taxpayer." Id. at 1368 (fn. ref. omitted). The court further stated that "the 'determination' requirement of section 6212(a) has substantive content." Id. at 1369 (fn. ref. omitted). Because the Commissioner had acknowledged on the face of the notice of deficiency that the return had not been reviewed, the court concluded that the Commissioner had not *42 determined a deficiency and the notice was invalid. Id. at 1370. Subsequently, in Clapp v. Commissioner, 875 F.2d 1396 (9th Cir. 1989), the Ninth Circuit expanded on its decision in Scar. The court stated: Furthermore, as the Tax Court has since pointed out, Scar did not even require any affirmative showing by the Commissioner that a determination set forth in an alleged notice of deficiency was made on the basis of the taxpayer's return. Only where the notice of deficiency reveals on its face that the Commissioner failed to make a determination is the Commissioner required to prove that he did in fact make a determination. Campbell v. Commissioner, 90 T.C. 110 (1988). * * * Id. at 1402.] Respondent, relying on Kong v. Commissioner, T.C. Memo. 1990-480, argues that the notice is valid and does not reveal on its face that respondent failed to make a determination. Respondent maintains that a determination was made. As evidence, respondent points to Form 4549-A which is attached to the notice of deficiency. The Form 4549-A is a worksheet to *43 show how respondent reached corrected taxable income and corrected income tax liability. The Form 4549-A reflects the exact amount of taxable income shown on petitioners' return for 1982 ($ 8,307). This amount is the starting point for respondent's adjustments. The disallowed loss from Lever and the disallowed portion of petitioners' medical expense deduction are added to the taxable income shown on the return to reach corrected taxable income. Because the amounts listed on the Form 4549-A match petitioners' 1982 income tax return, this case is factually different from Scar and Kong where the corrected taxable income on the notices of deficiency did not incorporate the taxable income shown on the taxpayers' returns. Scar v. Commissioner, supra at 1365; Kong v. Commissioner, supra.Further, respondent identifies the correct partnership from which the adjustment was derived. The Form 4549-A did not arbitrarily apply the then 50-percent maximum rate, but used the tax tables and corrected taxable income to reach the corrected tax liability. Although the notice contained the statement that the maximum *44 50-percent rate was applied, respondent's use of the tax tables resulted in a 19.7-percent effective rate of tax. Respondent also presented a witness in support of the contention that petitioners' 1982 income tax return was used in preparing the notice of deficiency. The witness worked for the Quality Assurance Branch, Los Angeles District of the Internal Revenue Service in 1986. The witness testified that the disallowance of a portion of a taxpayer's medical expense deduction could not be determined without referral to the taxpayer's return. Respondent, based on that testimony, argues that in spite of the language on the notice of deficiency, petitioners' return was available when the medical expense deduction was disallowed, because without the return there would have been no way to know the amount of the deduction taken on the original income tax return. The explanation sheet attached to the notice of deficiency states that petitioners deducted $ 378 in medical expenses on their return. This amount matches petitioners' 1982 tax return. Therefore, it is reasonable to conclude that respondent's agent used petitioners' 1982 tax return in preparing the notice of deficiency. *45 In the notice of deficiency, respondent stated that petitioners' original return was unavailable. Respondent presented evidence to show that petitioners' return likely was available when the notice of deficiency was prepared. Irrespective of whether respondent actually had petitioners' return, we think the evidence shows that respondent had sufficient information to make the requisite statutory determination. We are convinced, based on all the evidence, that respondent considered sufficient information that related to petitioners before determining the deficiency. Therefore, respondent made the requisite determination of a deficiency within the meaning of section 6212(a) and petitioners' Motion to Vacate Decision is denied. An appropriate order will be issued. Footnotes
1. This case is appealable to the Court of Appeals for the Ninth Circuit. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).
2. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩