JAMES J. BURNSIDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burnside v. Commissioner
Docket No. 26887-93
United States Tax Court
T.C. Memo 1994-308; 1994 Tax Ct. Memo LEXIS 311; 68 T.C.M. (CCH) 21; July 6, 1994, Filed *311 An order of dismissal will be entered granting respondent's motion to dismiss for lack of jurisdiction on the ground the petition was not timely filed. James J. Burnside, pro se. For respondent: Edwin A. Herrera. DAWSON, NAMEROFF DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443(b)(4) [1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. In separate notices of deficiency sent by certified mail to petitioner's last known address, respondent determined deficiencies *312 in and additions to tax in petitioner's Federal income taxes for 1986, 1987, and 1988, as follows: Additions to Tax
Sec. 6653
Sec. 6653
Year
Deficiency
Sec. 6651(a)(1) (a)(1)(A) [1]
(a)(1)(B) Sec. 6654(a)
1986
$ 22,798.00
$ 5,699.50
$ 1,139.50
[2]
$ 1,101.80
1987
47,079.46
11,769.86
2,353.97
[2]
2,542.72
1988
9,092.50
2,273.12
454.63
--
580.29
The notices of deficiency were mailed on May 24, 1991; therefore, to be timely, the petition had to have been filed on or before August 22, 1991. The petition was received and filed by the Court on December 22, 1993. At the time the petition was filed, petitioner resided in Murrieta, California. In response to respondent's motion to dismiss for lack of jurisdiction, petitioner filed a notice of objection alleging that the notices of deficiency are invalid because respondent did not "exercise even the most basic care and diligence in that the notices were * * * prepared from information obtained from the California State Board of Equalization, Sales and Use Tax *313 Returns" and an "arbitrary formula" was applied to those "'gross sales' figures to approximate the income of the Petitioner" and that respondent failed to properly allocate the business income pursuant to the community property laws of the State of California. Petitioner cites as his principal authority Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983). We note that petitioner does not dispute the fact that the petitions were untimely filed. Generally, this Court will not look behind the notice of deficiency to examine the basis for the Commissioner's motives or administrative policies or procedures in making the determinations reflected in the notice. Riland v. Commissioner, 79 T.C. 185, 201 (1982); Jackson v. Commissioner, 73 T.C. 394, 400 (1979); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). The notices of deficiency in this case specify the amount of the deficiencies and the additions to tax determined by respondent in petitioner's Federal income taxes for 1986, 1987, and 1988, *314 and provide explanations for all of the adjustments made therein. Therefore, the notices of deficiency mailed on May 24, 1991, are in compliance with section 7522(a) and (b)(1), which applies to specified notices of deficiency mailed on or after January 1, 1990. Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6233(a), 102 Stat. 3735. However, an inadequate description of the basis for respondent's determination of the amounts of tax due and additions to tax "shall not invalidate such notice." See sec. 7522(a). Moreover, this case is distinguishable from Scar v. Commissioner, supra, where the Court of Appeals held that the Commissioner must consider information that relates to a particular taxpayer before it can be said that the Commissioner has "determined" a deficiency in respect to that taxpayer. Scar v. Commissioner, supra at 1368. Subsequently, in Clapp v. Commissioner, 875 F.2d 1396 (9th Cir. 1989), the Court of Appeals commented on its decision in Scar, as follows: Furthermore, as the Tax Court has since pointed out, Scar did not even require *315 any affirmative showing by the Commissioner that a determination set forth in an alleged notice of deficiency was made on the basis of the taxpayers' return. Only where the notice of deficiency reveals on its face that the Commissioner failed to make a determination is the Commissioner required to prove that he did in fact make a determination. Campbell v. Commissioner, 90 T.C. 110 (1988). * * * [Id. at 1402.] Petitioner had not filed Federal income tax returns prior to respondent's determinations. The notices of deficiency were therefore based upon information obtained from the California State Board of Equalization. Moreover, the notices of deficiency do not reveal on their face that respondent failed to make a determination. Therefore, we hold that the notices are valid. Because the petition was filed over 2 years after the notices of deficiency were mailed, this case must be dismissed for lack of jurisdiction on the ground that the petition was not timely filed. Petitioner's arguments with respect to the alleged arbitrary nature of respondent's determinations and the failure to take into account the community property laws of the State *316 of California pertain to the merits of respondent's determinations. Unless and until we have jurisdiction over these tax years, we cannot consider the merits of petitioner's contentions. Based on our holding herein, we do not have jurisdiction over such matters. Finally, petitioner contends that dismissal of this case will deprive him of his constitutional rights to a hearing on respondent's determinations in this Court. Petitioner has failed to file a timely petition and has therefore forfeited his right to a prepayment hearing in this Court. However, petitioner may still be able to obtain a judicial hearing on the merits of respondent's determinations in the Federal District Court or the Court of Federal Claims via the refund procedure. His due process claim has no merit. To reflect the foregoing, An order of dismissal will be entered granting respondent's motion to dismiss for lack of jurisdiction on the ground the petition was not timely filed. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. Sec. 6653(a)(1) for 1988.↩
2. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩