T.C. Memo. 1999-78


UNITED STATES TAX COURT


PAUL K. HANASHIRO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10486-98.                    Filed March 12, 1999.


<u>Bruce E. Gardner</u>, for petitioner.

<u>Melinda Williams</u>, <u>Peter Reilly</u>, and <u>John Q. Walsh</u>, for

respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case is before

the Court on petitioner's motion to dismiss for lack of

jurisdiction.[1]  Petitioner contends that the notices of

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

deficiency at issue in this case are invalid and/or that the notices of deficiency were rescinded before the filing of the petition. As discussed in greater detail below, we will deny petitioner's motion to dismiss. However, we will dismiss for lack of jurisdiction and strike the allegations in the petition pertaining to the taxable year 1996.

Background

Paul K. Hanashiro (petitioner) failed to file timely Federal income tax returns for 1994, 1995, and 1996. On March 17, 1998, respondent mailed separate notices of deficiency to petitioner determining deficiencies in and additions to his Federal income taxes for 1994 and 1995 as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1994 | $78,101 | $7,036.50 | $1,172.53 |
| 1995 | 54,085 | 1,945.00 | 142.88 |

As of the date of mailing of the notices of deficiency, respondent had prepared a total of three examination reports regarding petitioner's tax liability for 1994 and 1995. On December 16, 1997, respondent prepared separate examination reports for 1994 and 1995.[2] The examination report for 1994 lists a balance due of $46,229.24, comprising tax of $28,146 (deficiency of $78,101 less prepayment credits of $49,955),

_____

[2] The deficiencies determined for 1994 and 1995 are consistent with these examination reports.

interest of $9,874.21, and an estimated tax penalty of $8,209.03. The examination report for 1995 lists a balance due of $11,504.45, comprising tax of $7,780 (deficiency of $54,085 less prepayment credits of $46,305), interest of $1,636.57, and an estimated tax penalty of $2,087.88.  A third examination report dated January 27, 1998 (which included the proposed disallowance of the prepayment credits allowed in the earlier examination reports for 1994 and 1995), states that petitioner owes balances of $184,941.22, $125,983.69, and $110,688.75 for taxes, interest, and estimated tax penalties for 1994, 1995, and 1996, respectively.

In late April 1998, counsel for petitioner wrote to Nancy L. Jones at respondent's Kansas City Service Center to request that the notices of deficiency for 1994 and 1995 be withdrawn on the grounds that the notices were arbitrary and inaccurate.  Ms. Jones was listed as the "Person to contact" in the notices of deficiency.

On April 28, 1998, petitioner filed a tax return for 1994 in which he claimed a refund of $8,310.57.

On May 4, 1998, counsel for petitioner wrote to Revenue Agent Tom Spolrich in Chicago, who had recently contacted petitioner, to request the withdrawal of the notices of deficiency for 1994 and 1995.

On May 26, 1998, petitioner filed tax returns for 1995 and 1996 claiming refunds of $15,020.97 and $15,677.41, respectively.

In a letter to petitioner dated June 3, 1998, Revenue Agent John Mayer stated:

> The purpose of this letter is to inform you that your case has been changed from status 24 (90 Day) to status 12 (under examination). If you have any questions, you can reach me at [telephone number omitted].

On June 5, 1998, counsel for petitioner wrote to Revenue Agent Mayer as follows:

> This letter concerns my request for the IRS to withdraw the Notices of Deficiency dated March 17, 1998 for [the 1994 and 1995] tax years.
>
> As you may be aware, on April 29, 1998 I wrote Nancy L. Jones in the Kansas City Service Center requesting that the notices of deficiency be withdrawn, however, to date I have not receive a response to my correspondence.
>
> Your letter dated June 3, 1998 suggests the status of the above referenced tax returns have been changed from status 24 (90 Day) to status 12 (under examination) but does not address my concerns regarding the withdrawal of the deficiency notices.
>
> Enclosed you should find a copy of my letters to Ms. Jones and the respective deficiency notices. It is my understanding that each deficiency notice will be drawn [sic] no later than Monday, June 8, 1998. I will need written confirmation that the notices have been officially withdrawn to avert filing a petition with the U.S. Tax Court to protect the interests of my client.

On June 9, 1998, at 3:50 p.m., counsel for petitioner hand-delivered a petition for redetermination to the Court's petitions section. The petition, although contesting petitioner's tax

liability for 1994, 1995, and 1996, states that no notice of deficiency was issued to petitioner for 1996. At the time the petition was filed, petitioner resided in Chicago, Illinois.

On June 10, 1998, following an examination of petitioner's late-filed tax returns for 1994, 1995, and 1996, respondent issued an examination report which states that petitioner is entitled to refunds of $12,919, $16,975, and $15,535 for 1994, 1995, and 1996, respectively. On June 10, 1998, Revenue Agent Mayer executed Form 8626, Agreement to Rescind Notice of Deficiency, covering the notices of deficiency for 1994 and 1995 and sent a copy of the Form 8626 to counsel for petitioner for his signature. By letter dated June 11, 1998, counsel for petitioner responded as follows:

> This letter concerns the Agreement to Rescind Notice of Deficiency (Form 8626) for tax years 1994 and 1995. This letter also concerns why we will not execute the Form 8626 we received today via facsimile.
>
> When you called at 5:00 pm EST on June 9th you were informed that U.S. Tax Court Petitions were filed at approximately 4:00 pm earlier that day. You were also informed that rescission of the notices was no longer necessary.
>
> Based on our agreement of June 1st, you stated all the tax deficiency notices would be withdrawn by June 8th. On June 5th, I informed you, that your letter changing the status of this case from 90 days to examination did not address my concerns. * * *
>
> On June 8th, I did not hear from you regarding withdrawing the tax deficiency notices. Accordingly, on June 9th I filed U.S. Tax Court petitions covering the tax years 1994, 1995, and 1996.

A review of the Form 8626 received on June 11th prohibits execution if a U.S. Tax Court petition contesting the deficiencies has already been filed. Accordingly, we can not execute the Form 8626 in good faith since we have already filed the petitions. [Fn. ref. omitted.]

On July 30, 1998, petitioner filed an amended petition which includes allegations that the notices of deficiency for 1994 and 1995 are invalid.

Petitioner subsequently filed a motion to dismiss for lack of jurisdiction arguing that: (1) The notices of deficiency for 1994 and 1995 are invalid; and (2) the notices were rescinded by oral agreement before the filing of the petition.[3] Respondent filed an objection to petitioner's motion to dismiss. Respondent's objection included the allegation that the Court lacks jurisdiction over the 1996 taxable year on the ground that no valid notice of deficiency had been issued to petitioner for that year at the time that the petition was filed.

A hearing in this case was conducted at the Court's motions session in Washington, D.C. Counsel for both parties appeared at

---

[3] Petitioner seeks to have the notices of deficiency declared invalid or rescinded to avoid having his claim for refund for 1994 barred by the so-called 2-year look-back rule prescribed in sec. 6512(b)(3)(B). See Commissioner v. Lundy, 516 U.S. 235 (1996) (the Tax Court lacks jurisdiction to award a refund of taxes made more than 2 years before the date of mailing of a notice of deficiency, if, on the date that the notice of deficiency is mailed, the taxpayer has not filed a tax return for that year).

the hearing and offered argument in support of their respective positions.

Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  Pursuant to section 6213(a), the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition with the Court for a redetermination of the deficiency.

At a minimum, the notice must indicate that the Commissioner has determined a deficiency in tax in a definite amount for a particular taxable year and that the Commissioner intends to assess the tax in due course.  See Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937); Perlmutter v. Commissioner, 44 T.C. 382, 400 (1965), affd. 373 F.2d 45 (10th Cir. 1967).

Petitioner contends that the notices of deficiency are invalid on the ground that respondent attached conflicting examination reports to the notices.  Petitioner's contention is

similar to an argument that the Court addressed in Campbell v. Commissioner, 90 T.C. 110 (1988).  In Campbell, the Commissioner mailed a notice of deficiency to the taxpayers including:  (1) A cover letter reciting in standard language that it was a notice of deficiency and listing the taxable year as well as the amounts of the deficiency and additions to tax; (2) a notice of deficiency waiver form; and (3) several pages purportedly explaining the adjustments.  Although the cover letter and the waiver clearly related to the taxpayers, the Commissioner had inadvertently attached to the notice a seven-page explanation of adjustments for an unrelated taxpayer.  In response, the taxpayers filed a petition (and later a motion to dismiss) attacking the validity of the notice of deficiency.  See id. at 111.

Upon review of the matter, we noted that the first two pages of the deficiency notice clearly referred to the taxpayers as the subjects of the notice.  While the explanation of adjustments may have caused confusion, there was no indication in the notice that the Commissioner failed to consider information relating to the taxpayers in making the deficiency determination.  See id. at 113.  Viewing the record as a whole, we concluded that the Commissioner had determined a deficiency against the taxpayers and inadvertently attached the wrong computational sheets to the

notice of deficiency.  See id.  Accordingly, we denied the taxpayers' motion to dismiss.

As in Campbell v. Commissioner, supra, the notices of deficiency in question include standard cover letters listing the years, deficiencies, and additions to tax in dispute.  There is no question that the notices of deficiency pertain to petitioner's tax liability.  Although the conflicting examination reports that were purportedly attached to the notices of deficiency may have caused some confusion,[4] we are convinced that the notices of deficiency served to put petitioner on notice that respondent had determined deficiencies in his Federal income taxes for 1994 and 1995.  Consequently, we hold that the notices of deficiency are valid.

Petitioner contends in the alternative that the notices of deficiency were rescinded by oral agreement before the date that the petition was filed.  The Commissioner's authority to rescind a notice of deficiency derives from section 6212(d), which provides:

> SEC. 6212(d).  Authority to Rescind Notice of Deficiency With Taxpayer's Consent.--The Secretary may, with the consent of the taxpayer, rescind any notice of deficiency mailed to the taxpayer.  Any notice so rescinded shall not be treated as a notice of deficiency for purposes of subsection (c)(1) (relating to further deficiency letters restricted), section

---

[4]  We observe that, at the time that the notices of deficiency were issued, the only confusion concerned whether respondent would allow prepayment credits to petitioner.

6213(a) (relating to restrictions applicable to deficiencies; petition to Tax Court), and section 6512(a) (relating to limitations in case of a petition to Tax Court), and the taxpayer shall have no right to file a petition with the Tax Court based on such notice. Nothing in this subsection shall affect any suspension of the running of any period of limitations during any period during which the rescinded notice was outstanding.

In sum, section 6212(d) authorizes the Commissioner, with the consent of the taxpayer, to rescind any notice of deficiency mailed to the taxpayer. If a notice of deficiency is rescinded, the taxpayer has no right to file a petition with the Court based on such a notice. The record in this case shows that counsel for petitioner requested that the notices of deficiency be rescinded shortly after the notices were issued. Although the record suggests that respondent's agents were in general agreement that the notices should be rescinded, counsel for petitioner insisted that the matter be committed to writing. When no written rescission of the notices of deficiency was forthcoming, counsel for petitioner filed a petition with the Court. Moreover, the day after filing the petition, counsel for petitioner notified respondent that rescission of the notices of deficiency was unnecessary because of the filing of the petition.

The rescission of a notice of deficiency requires mutual consent by the Commissioner and the taxpayer, and such mutual consent must be objectively apparent. See Powell v. Commissioner, T.C. Memo. 1998-108. The record in this case

indicates that petitioner and respondent may have intended to enter into an agreement but had not agreed to rescind the notices of deficiency before the filing of the petition.  Indeed, counsel for petitioner made it clear that he would not consider the notices of deficiency to be rescinded unless respondent reduced the agreement to writing.  When no written agreement was forthcoming, counsel for petitioner filed a petition on petitioner's behalf with the Court.  Under the circumstances, we hold that the parties did not agree to rescind the notices of deficiency for 1994 and 1995.

Our holding on this point is not affected by Revenue Agent Mayer's June 3, 1998, letter stating that petitioner's case had "been changed from status 24 (90 Day) to status 12 (under examination)".  See Hesse v. Commissioner, T.C. Memo. 1997-333; Slattery v. Commissioner, T.C. Memo. 1995-274 (returning a case file from the 90-day section to the examination division for purposes of a conference is not tantamount to a rescission).

Petitioner also argues that he should be permitted to withdraw his petition and then execute the Form 8626 that Revenue Agent Mayer forwarded to him on June 10, 1998.  However, it is well settled that the filing of a timely petition contesting a valid notice of deficiency invests the Court with jurisdiction to resolve finally the taxpayer's liability for the year in issue. See Estate of Ming v. Commissioner, 62 T.C. 519, 521 (1974).  A

taxpayer may not unilaterally oust the Court from jurisdiction. See Dorl v. Commissioner, 57 T.C. 720, 721-722 (1972). Because petitioner filed a timely petition in response to valid notices of deficiency, we will deny petitioner's motion to dismiss for lack of jurisdiction.

As a final matter, we will dismiss for lack of jurisdiction and strike all allegations in the petition pertaining to petitioner's tax liability for 1996. Respondent did not issue a valid notice of deficiency to petitioner for 1996, and we so hold.

To reflect the foregoing,

An order denying petitioner's motion to dismiss for lack of jurisdiction and dismissing this case for lack of jurisdiction and striking the allegations in the petition pertaining to the taxable year 1996 will be issued.