EVERETT BOLTON AND ZONA BOLTON, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 24803-86.          Filed February 7, 1989.

Everett Bolton, pro se.
*Stephen J. Waller*, for the respondent.

PARR, *Judge:* Respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $11,350.62. As originally presented, the issues to be decided were whether Mr. and Mrs. Bolton, petitioners, had elected out of the installment sale provisions by reporting gain from the sale of real estate in full on their 1983 tax return; and if so, whether the Boltons could subsequently elect the installment sale method. After consideration, however, the issue we must decide is whether the Boltons' election on their 1983 return to treat the real estate sale as a completed transaction can override section 453(d)[1] which provides that all elections out of the installment method must be made on or before the due date of the return for the year of the sale.

### FINDINGS OF FACT

Petitioners resided in Lake Havasu City, Arizona, at the time they filed their petition in this case. They filed their 1983 Federal income tax return with the Internal Revenue Service Center in Austin, Texas.[2]

---

[1] All section references are to the Internal Revenue Code as in effect during the year in question.

[2] Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated by this reference.

In 1962, Mr. and Mrs. Bolton purchased real property (hereinafter the property) in Sallisaw, Oklahoma. On November 15, 1982, the Boltons executed a warranty deed for the sale of the property. At the time of the sale, petitioners' basis in the property was $31,848.60.

The total sales price of the property was $160,000. Upon execution of the deed, the purchasers paid the Boltons $25,000 in principal and $500 in interest. In addition, the purchasers gave the Boltons a promissory note for $135,000 secured by a mortgage on the property.

The promissory note provided for interest of 12 percent per year on $100,000, payable monthly. The note further provided for a $35,000 principal payment on January 3, 1983. The remainder of the principal plus any unpaid interest was due on November 15, 1987.

On their 1982 return, the Boltons reported the $500 interest payment as income, but did not report any gain from the sale of the property. On their 1983 return the Boltons reported the sale of the property as a completed transaction. Petitioners reported $160,000 as the gross sales price, $31,848.60 as their basis, and $51,260.56 as the long-term capital gain on the sale.

In the statutory notice of deficiency for 1983, dated May 28, 1986, respondent determined that the Boltons failed to include the 60-percent capital gain deduction from the sale of the property as a tax preference item for alternative minimum tax purposes. Accordingly, respondent determined an alternative minimum tax liability of $11,370.53 for the Boltons' 1983 tax year. Respondent also corrected a mathematical error in income averaging on petitioners' Schedule G.

## OPINION

The facts of the case clearly indicate that the Boltons sold the property in 1982. They reported the sale as a completed transaction on their 1983 tax return. Respondent originally claimed that the Boltons had made a binding election and thus were precluded from attempting to change to the installment method. Respondent is correct for installment sales occurring on or before October 20, 1980. Thereafter, the changes created by the Installment Sales

Provision Act of 1980, Pub. L. 96-471, 94 Stat. 2247 became effective. Under the new law, which was in effect at the time of the Boltons' sale of their Oklahoma property, a taxpayer is automatically on the installment method unless that taxpayer elects *not* to use the installment method on or before the due date of the return for the year of the sale. Thus, the question we must answer is whether the Boltons' apparent election to treat the sale as a completed transaction on their 1983 return effectively removed them from the installment method. The answer is no.[3]

Section 453 generally provides that income from an installment sale is accounted for under the installment method. Installment sale is defined as the "disposition of property where at least 1 payment is to be received after the close of the taxable year in which the disposition occurs." Sec. 453(b)(1). Section 453(d)(1) further provides that the installment method will not apply if the taxpayer so elects. In order for a taxpayer to elect out of the installment method the taxpayer must make the election on or before the due date prescribed by law for filing the tax return for the year the property was sold. Sec. 453(d)(2).

The Senate Finance Committee Report 96-1000 (1980), 1980-2 C.B. 494 which accompanied the Installment Sales Provision Act of 1980, gives guidance as to why Congress imposed the timely election out rule. Under prior law, a taxpayer had to affirmatively elect installment method reporting. A taxpayer could make this election on a timely filed return, a delinquent return or an amended return for any open year. The election was effective as long as the taxpayer had not taken a prior position that was inconsistent with installment method reporting. If a prior inconsistent position had been taken the taxpayer was bound by the prior position and could not make an amended election to use the installment method. For a discussion of the binding election rule applied to untimely elections for transactions occurring before October 20, 1980, see *Gibson & ABC, Inc. v. Commissioner*, 89 T.C. 1177 (1987).

---

[3]Respondent filed a supplemental brief on this issue at the Court's request. Respondent's position on brief is internally inconsistent. As such we do not consider the supplemental brief to be a concession by respondent.

Under the new (current) law, installment sale reporting automatically applies to any qualified sale unless the taxpayer elects not to have the method apply. The Senate Finance Committee report stated:

Generally, the election not to have installment method reporting applied to a deferred payment sale must be made in the manner prescribed by regulations on or before the due date (including extensions of time for filing) for filing the income tax return for the year in which the sale occurs. It is anticipated that reporting the entire gain in gross income *for the taxable year in which the sale occurs* will operate as an election not to have installment sale reporting apply. It is anticipated that, under regulations, late elections will be permitted in rare circumstances when the Internal Revenue Service finds that reasonable cause for failing to make a timely election exists under the particular circumstances of each case. [S. Rept. 96-1000 (1980), 1980-2 C.B. 494, 500. Emphasis added.]

See also section 15A.453-1(d)(3), Temp. Income Tax Regs. Elections made under the new law are generally still binding. Sec. 15A.453-1(d)(4), Temp. Income Tax Regs, 46 Fed. Reg. 10715 (Feb. 4, 1981).

In this case, the property was sold in 1982. Therefore, in order to elect out of the installment provisions the Boltons would have to have filed their election on or before April 15, 1983, since they did not seek an extension for filing their 1982 tax return. The Boltons did not make any election out on their 1982 return. In 1982, the Boltons did not report the sale at all, although they did declare the $500 interest. Instead, they treated the sale as a completed transaction on their 1983 return, which they signed on April 9, 1984. This is not a timely election under section 453(d). Therefore, the Boltons have not elected out of the installment method. Furthermore, respondent has not asserted, nor do we find that good cause existed for failing to make a timely election. Sec. 15A.453-1(d)(3)(ii), Temp. Income Tax Regs., 46 Fed. Reg. 10715 (Feb. 4, 1981).

Although petitioners have prevailed on this issue for the 1983 taxable year, they may be liable for a smaller, yet additional tax for the 1982 taxable year.[4] Also, petitioners will need to recognize the remainder of the gain in the 1987

---

[4]Respondent has indicated that he intends to seek an adjustment for the 1982 taxable year through the use of the mitigation provisions. See secs. 1311-1314.

taxable year, when the principal payment was presumably made.

To reflect concessions and the foregoing,

*Decision will be entered under Rule 155.*