992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Everett BOLTON, Zona Bolton, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 No. 92-9010.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 The petitioners, Everett and Zona Bolton, appeal pro se from the Tax Court's decision that the doctrine of collateral estoppel bars them from contending that they do not have to report gains from the sale of certain real property under the installment sale method pursuant to 26 U.S.C. § 453 for the 1982 and 1987 tax years. We affirm.
 
 I. FACTS
 
 2
 Everett and Zona Bolton (the "taxpayers") bought real property in Sallislaw, Oklahoma, in 1962. On November 15, 1982, they executed a warranty deed selling the property. Exh. 7-G. The sale price of the property was $160,000, and the sale contract provided that the buyer would make payments to the taxpayers in 1982, 1983, and 1987. Vol. I, Doc. 17 at 2. Upon executing the deed, the buyers made the 1982 payment of $25,000 in principal. The buyers also executed a promissory note for the remaining $135,000 of the purchase price. It provided, among other things, for a $35,000 principal payment on January 3, 1983, and a $100,000 principal payment on November 15, 1987. Aple. Addendum at 32.
 
 
 3
 Mr. Bolton testified that the buyer made the payments as promised.[1] Vol. II at 24. On their 1982 income tax return, however, the taxpayers did not report the $25,000 principal payment as income or as a gain from the sale of the property. Vol. II, at 18, 25. Nor did they elect to opt out of the installment sale method for reporting such gains under 26 U.S.C. § 453(d) [hereinafter I.R.C. § ______]. Vol. II at 24; Aple. Addendum at 12-18.[2]
 
 
 4
 On their 1983 income tax return, the taxpayers reported the sale of the Sallislaw property as a completed transaction; that is, they reported $160,000 as the gross sales price and $51,260.56 as the long-term capital gain. Aple. Addendum at 23-24. However, they did not check the box on Schedule D indicating that they were opting out of the installment method. Aple. Addendum at 24.
 
 
 5
 In a May 28, 1986 statutory notice of deficiency for the 1983 tax year, the Commissioner accepted the taxpayers' decision to report the sale as a completed transaction--as opposed to using the installment method--on their 1983 return, but determined that the taxpayers had failed to report the gain for purposes of the alternative minimum tax. Bolton v. Commissioner, 92 T.C. 303, 304 (1989) (Bolton I).[3] Accordingly, the Commissioner determined that the taxpayers owed an additional $11,370.53 due to their alternative minimum tax liability for the 1983 tax year.[4] Id.
 
 
 6
 The taxpayers filed a petition in the Tax Court seeking a redetermination of the resulting deficiency. The Tax Court in Bolton I concluded that under Temp.Treas.Reg. § 15a.453-1(d)(3), the taxpayers, in order effectively to opt out of the installment method, would have had to file their election on or before April 15, 1983, since they did not seek an extension for filing their 1982 tax return. Id. at 306. Because the taxpayers did not explicitly opt out of the installment method on their 1982 return and did not attempt to report the completed transaction until their 1983 tax return--which was filed in 1984--the Tax Court held that the taxpayers had not timely opted out of the installment method of I.R.CC. § 453(d). Id. The Tax Court also found that no good cause existed for failing to make a timely election. Id. As a result, the taxpayers were required to report the 1983 payment of $35,000 under the installment method--that is, they were only required to report as a gain that proportion of the payments received that year which the gross profit from the transaction bore to the total contract price. Consequently, the taxpayers' total tax liability was reduced and their minimum tax liability was eliminated. See Bolton I, 92 T.C. at 306 (noting that taxpayers "have prevailed on this issue for the taxable year" in case in which taxpayers challenged liability for alternative minimum tax).
 
 
 7
 On December 7, 1989, as a result of the determination in Bolton I that the sale was to be reported under the installment method, the Commissioner issued to the taxpayers a statutory notice of deficiency for the tax years 1982 and 1987. Aple. Addendum at 1-11. The taxpayers had not claimed any gain from the sale of the Sallislaw property in these years. Thus, the Commissioner calculated the taxpayers' deficiency by using the installment method to determine the amount of gain the taxpayers should have reported in 1982 and 1987. Applying the installment sale method increased the taxpayers' adjusted gross income in these years.[5]
 
 
 8
 On February 26, 1990, the taxpayers filed the petition that forms the basis for this case, seeking a redetermination of the deficiencies for 1982 and 1987. Doc. 2 at 1. The Tax Court held that collateral estoppel barred the taxpayers from asserting that the installment method did not apply to payments received in 1982 and 1987. Doc. 17. The taxpayers now appeal that ruling. We affirm.
 
 II. DISCUSSION
 
 9
 We believe that the Tax Court correctly held that the taxpayers' challenge to the notice of deficiency is barred by collateral estoppel. We review de novo a finding that collateral estoppel bars the relitigation of an issue. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir.1990). Under the doctrine of collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when asserted against a party to the prior litigation. Montana v. United States, 440 U.S. 147, 153 (1979). Collateral estoppel " 'has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.' " Klein v. Commissioner, 880 F.2d 260, 262 (10th Cir.1989) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)). The doctrine also fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. Montana, 440 U.S. at 153-54.
 
 
 10
 Whether collateral estoppel is appropriate is determined by applying a four-part test: "first, whether the party to be estopped was a party to or assumed control of the prior litigation; second, whether the issues presented are in substance the same as those resolved in the earlier litigation; third, whether the controlling facts or legal principles have changed significantly since the earlier judgment; and finally, whether other special circumstances warrant an exception to the normal rules of preclusion." Klein, 880 F.2d at 262-63 (citing Montana, 440 U.S. at 153-55. We have also required the party against whom the doctrine is raised to have had a full and fair opportunity to litigate the issue in the prior action. United States v. Rogers, 960 F.2d 1501, 1508 (10th Cir.1992); Sil-Flo, 917 F.2d at 1520 (citing Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481 n. 22 (1982)).
 
 
 11
 In Bolton I, the Tax Court held that the taxpayers failed to make a timely election to opt out of the installment sale method of calculating gains from the sale of real property. Bolton I, 92 T.C. at 306. The taxpayers now attempt to assert that that ruling does not apply to the 1982 and 1987 tax year.[6] However, their challenge is barred by collateral estoppel. Bolton I involved--as Mr. Bolton and his tax advisor-witness acknowledge--the same parties and the same sale of the same property. Vol. II at 17, 26. It also involved the same issue--whether the taxpayers must report their gains from the sale of the Sallislaw property under the installment method--which was actually and necessarily decided in the course of determining whether the taxpayers were liable for the alternative minimum tax. See 92 T.C. at 304, 306. The taxpayers assert no changes in fact or law since Bolton I was decided, and we have found none. The taxpayers also had a full and fair hearing on their claim in Bolton I: a hearing was held, they were permitted to present evidence; there were no significant procedural limitations; and the taxpayers had incentive to fully litigate the issue, given the increased tax liability at stake. See Sil-Flo, 917 F.2d at 1521. Finding no special circumstances warranting an exception to the rules of preclusion, we hold that the taxpayers' challenge to the statutory notice of deficiency is barred by collateral estoppel. We therefore AFFIRM the judgment of the Tax Court.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although the final payment was late, it was nevertheless received in the 1987 taxable year. Vol. III at 24
 
 
 [2]
 Under I.R.C. § 453(b)(1), an installment sale is defined as a sale of property where at least one payment is to be received after the close of the taxable year in which the sale occurs. Because the taxpayers sold their property in 1982 and were to receive payments in 1983 and 1987, their sale qualified as an installment sale. Section 453(a) and Temp.Treas.Reg. § 15a.453-1(a) provide that unless the taxpayer elects not to have his or her installment sale taxed under the installment method for reporting sales of real property, the installment method will be applied. Under the installment method of reporting gains, the taxpayer must report as income the proportion of payments received during the taxable year that the gross profit from the transaction bears to the total price. I.R.C. § 453(c). Section 453(d)(2) and Temp.Treas.Reg. § 15a.453-1(d)(3)(i) provide that an election not to use the installment method "must be made on or before the due date prescribed by law (including extensions) for filing the taxpayer's return for the taxable year in which the installment sale occurs." The regulation further provides that "[t]he election must be made in the manner prescribed by the appropriate forms for the taxpayer's return for the taxable year of the sale." Temp.Treas.Reg. § 15a.453-1(d)(3)(i)
 
 
 [3]
 Because the statutory notice of deficiency for the 1983 tax year, as well as other documents from the Bolton I proceeding, were not included in the record on appeal, we will cite Bolton I as the source of some undisputed facts
 
 
 [4]
 The Commissioner also corrected a mathematical error in income averaging on the taxpayers' Schedule G. Bolton, 92 T.C. at 304
 
 
 [5]
 The Commissioner also included social security benefits in the taxpayers' income calculation under Section 86 of the Code, thus increasing the taxpayers' adjusted gross income in 1987; however, the taxpayers do not appear to contest this decision
 
 
 [6]
 The taxpayers also contend that the district court and the attorney for the Commissioner "agreed" at the hearing for Bolton I that the only issue to be decided was the alternative minimum tax liability issue and that the taxpayers would not owe any more tax for 1987 after Bolton I was resolved
 The record shows, however, that the Tax Court and the attorney for the Commissioner actually agreed that both the alternative minimum tax liability question and the proper method of reporting the gain were at issue. Vol. I, Doc. 19 at 6. This, of course, is consistent with the fact that the question of whether the taxpayers owed the alternative minimum tax was dependant upon whether or not they had opted out of the installment method of reporting the gain from the sale of the property.
 Moreover, the Bolton I court made clear that its holding would affect the taxpayers' tax liability for the years 1982 and 1987. The court noted:
 Although petitioners have prevailed on this issue for the 1983 taxable year, they may be liable for a smaller, yet additional tax for the 1982 taxable year. Also, petitioners will need to recognize the remainder of the gain in the 1987 taxable year, when the principal payment was presumably made.
 Bolton I, 92 T.C. at 306-07 (footnote omitted).
 The taxpayers also misunderstand the statements of the Tax Court and the attorney for the Commissioner in Bolton I to the effect that the taxpayers would not have to pay any more taxes on the property after the trial. Vol. I, Doc. 19 at 16, 20-21. The court and Commissioner were merely clarifying that if the taxpayers were permitted to claim their completed transaction on their 1983 return and if they paid the resulting alternative minimum tax, then they would not have to report the subsequent 1987 principal payments, since they already would have been taxed on it in 1983.
 But the taxpayers were not taxed on the full sale price in 1983. Although they initially reported the full sale price on their 1983 return, the Commissioner adjusted their tax liability after Bolton I to tax under the installment method only the $35,000 actually received in 1983 rather than the $160,000 sale price of the property. Having only been taxed on the $35,000 received in 1983, the taxpayers remained liable for the $25,000 received in 1982 and the $100,000 received in 1987. For this reason, the taxpayers were not, as they contend, taxed twice on the same property.