ESTATE OF THOMAS F. WILKINSON, DECEASED, DENNIS J. WILKINSON, PERSONAL REPRESENTATIVE, AND JEAN N. WILKINSON, SURVIVING WIFE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Wilkinson v. Commissioner
Docket No. 24274-91
United States Tax Court
T.C. Memo 1993-463; 1993 Tax Ct. Memo LEXIS 472; 66 T.C.M. (CCH) 986; October 4, 1993, Filed *472 For petitioners: B. Kent Ludlow. For respondent: James B. Ausenbaugh. SWIFT
SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined a deficiency of $ 26,818 in petitioners' joint Federal income tax for 1984. The sole issue for decision is whether, as respondent contends, a partnership (in which decedent, Thomas F. Wilkinson, owned an interest) is to be treated as having elected out of the installment method of accounting with respect to income from the sale of a building. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. FINDINGS OF FACT At the time the petition in this case was filed, petitioner Jean N. Wilkinson resided in Midvale, Utah. Decedent, Thomas F. Wilkinson, died on December 27, 1985. Dennis J. Wilkinson, the personal representative for the Estate of Thomas F. Wilkinson, resided in Sandy, Utah, at the time the petition in this case was filed. Decedent was a partner in a real estate investment partnership known as Walker, McElliott, Wilkinson, & Associates (the partnership). On March 1, 1984, the partnership was formed and purchased an office building known as the Volker *473 Building. On or about October 16, 1984, the partnership sold the Volker Building. Under the terms of the sales contract, payments for the Volker Building were to be made over a period of 6 years. On March 19, 1985, the partnership's information return (Form 1065, U.S. Partnership Return of Income) for 1984 was filed with respondent. On that return, the sale of the Volker Building was reported at a sales price that was $ 100,000 less than the actual sales price. As a result, the short-term capital gain income associated with the sale of the Volker Building was underreported by approximately 25 percent. On October 28, 1985, an amended 1984 information return for the partnership was filed with respondent. On the amended partnership information return, the sale of the Volker Building was reported at its correct sales price, but on Schedules K-1 (Partner's Share of Income, Credits, Deductions, etc.), a Schedule D (Capital Gains and Losses), and a Form 6252 (Computation of Installment Sale Income) attached to the amended return, the short-term capital gain income from the sale of the Volker Building was reported under the installment method. On audit, respondent determined that *474 an election had been made on the partnership's original 1984 information return not to use the installment method of accounting under section 453 with respect to the short-term capital gain income to be realized from the sale of the Volker Building, and respondent did not allow income from the sale of the Volker Building to be reported under the installment method. Accordingly, with regard to decedent's 1984 Federal income tax liability, respondent increased by $ 87,956 decedent's share of the partnership's short-term capital gain income from the sale of the Volker Building. OPINION Under section 453(a), income from installment sales occurring after October 20, 1980 (the effective date of the Installment Sales Revision Act of 1980, Pub. L. 96-471, 94 Stat. 2247), is generally to be reported on Federal income tax returns under the installment method of accounting. To avoid reporting income from installment sales under the installment method of accounting, taxpayers receiving the income must affirmatively elect not to report the income under the installment method on or before the due date of the return for the year of the sale. Sec. 453(d); Bolton v. Commissioner, 92 T.C. 303, 305 (1989). *475 With regard to installment sales reported on partnership information returns, elections out of the installment method are to be made on the partnerships' information returns. Sec. 703(b). In the Senate Finance Committee report regarding the Installment Sales Revision Act of 1980, it is explained that the reason Congress changed the law regarding the method of accounting for installment sales and required taxpayers who did not want to use the installment method to affirmatively elect out of the installment method (instead of continuing to require taxpayers who wanted to use the installment method to affirmatively elect in to the installment method) was to minimize technical "traps" that had existed under prior law governing the making of installment-method elections. S. Rept. 96-1000 (1980), 1980-2 C.B. 494, 499. The presumption under current section 453(a) and (d) with respect to installment sales in favor of the installment method of accounting is particularly strong. In Business Ventures Intl. v. Olive, 893 F.2d 641, 646 (3d Cir. 1990), even though a U.S.Virgin Islands taxpayer did not reflect on its return a computation *476 of installment sale income and even though the full amount of income from an installment sale was reflected on Schedule M-1 of the return, the U.S. Court of Appeals for the Third Circuit relied heavily on "the post-1980 presumption in favor of installment sale treatment" and held that, under the facts of that case, the taxpayer had not elected out of the installment method. The only method for electing out of the installment method set forth in the applicable temporary regulations (outstanding since 1981) is for taxpayers to report the full amount of the sales price and the full amount of the income associated with installment sales on timely filed tax returns for the year of the sales. [1]
*477 Respondent argues that under the doctrine of substantial compliance, as it relates to elections under the Internal Revenue Code, the original partnership return should be regarded as having reflected thereon an election out of the installment method. Under the doctrine of substantial compliance, where taxpayers have not complied with all of the requirements of an election provision of the Code, the election may nevertheless be deemed to have been made by the taxpayer if the requirements that have not been satisfied do not relate to the substance or essence of the applicable election. American Air Filter Co. v. Commissioner, 81 T.C. 709, 719 (1983); Taylor v. Commissioner, 67 T.C. 1071, 1077-1078 (1977). The doctrine of substantial compliance is generally relied upon by taxpayers who desire the tax benefits of elections but who have failed to comply with certain procedural requirements associated with the election in question. See, e.g., American Air Filter Co. v. Commissioner, supra; Taylor v. Commissioner, supra.The doctrine of substantial compliance, *478 however, has also been relied upon and used by respondent and by the courts against taxpayers. Taxpayers have been deemed to have made elections that resulted in tax deficiencies where the taxpayers provided respondent with adequate notice of their intent to make the election even though they failed to comply with certain procedural requirements associated with the election. See, e.g., Woodbury v. Commissioner, 900 F.2d 1457, 1460 (10th Cir. 1990), affg. T.C. Memo. 1988-272. In this case, it is not disputed that the sale of the Volker Building was an installment sale and that the full amount of the sales price of the Volker Building was not reported on the partnership's original information return for 1984. Therefore, under the substantial compliance doctrine, in order to treat the original partnership return as reflecting an election out of the installment method, the temporary regulation requirement that the full amount of the sales price must be reported on the return would have to be regarded as a minor, procedural requirement not going to the substance or essence of the election-out provision of section 453(d). *479 We conclude that the substance or essence of the election-out procedure of section 453(d), as set forth in the temporary regulations and as applicable to the facts and circumstances of this case, requires the taxpayer to report the full amount of the income from an installment sale on the tax return. Respondent contends that if petitioners prevail in this case, taxpayers will be able to report all but a de minimis amount of income on installment sales and later be able to assert that they did not elect out of the installment method. We, however, do not regard the underreporting on the partnership's original 1984 information return of 25 percent of the short-term capital gain income associated with the sale of the Volker Building as de minimis. We conclude that no election out of the installment method was made with respect to the installment sale of the Volker Building and that petitioners' income from the installment sale of the Volker Building may be reported under the installment method. Decision will be entered for petitioners. Footnotes
1. The applicable temporary regulation, sec. 15A.453-1(d)(3)(i), Temporary Income Tax Regs., 46 Fed. Reg. 10718 (Feb. 4, 1981), provides, in relevant part, as follows: A taxpayer who reports an amount realized equal to the selling price including the full face amount of any installment obligation on the tax return filed for the taxable year in which the installment sale occurs will be considered to have made an effective election [out of the installment method]. * * *↩