T.C. Memo. 1997-16

UNITED STATES TAX COURT

LESLIE S. HIRAHARA, Petitioner v.
COMMISSIONER OF INTERNAL  REVENUE, Respondent

Docket No. 23603-94.               Filed January 8, 1997.

Leslie S. Hirahara, pro se.

Jonathan J. Ono, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent determined a deficiency in
petitioner's 1991 Federal income tax in the amount of $76,076,
and a penalty under section 6662(a)[1] in the amount of $13,953.

---

[1] All section references are to the Internal Revenue Code in
effect for the year at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

After concessions, the issues remaining for our consideration are: (1) Whether petitioner is entitled to claim an interest expense deduction for his sole proprietorship activity reported on Schedule C of his 1991 Federal income tax return; (2) whether petitioner is entitled to claim depreciation for certain items purchased in 1991; (3) whether petitioner is entitled to claim a deduction for travel expenses for 1991; (4) whether petitioner is entitled to claim a deduction for legal and professional services for 1991; (5) whether petitioner is entitled to claim a deduction for rent paid in 1991; (6) whether petitioner understated his capital gain on Schedule D of his 1991 Federal income tax return; (7) whether petitioner is entitled to an increase in his itemized deductions for the 1991 taxable year; and (8) whether petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) for the 1991 taxable year.

## FINDINGS OF FACT[2]

Petitioner, Leslie S. Hirahara, resided in Honolulu, Hawaii, at the time the petition in this case was filed. He possesses a master's degree in business administration in finance. Petitioner, at various times, has been engaged in multiple business activities. These enterprises encompassed occupations such as a general contractor, flight instructor, county

---

[2] The parties' stipulation of facts and exhibits are incorporated by this reference.

commissioner, and realtor.  For the year at issue, petitioner was self-employed and performed business as "Les Hirahara Realty". He reported his income and expenses from this work as a sole proprietorship on Schedule C of his 1991 Federal income tax return.

With respect to his activities as a realtor, petitioner reported income and claimed certain expenses on Schedule C of his 1991 Federal income tax return that, in turn, were adjusted by respondent in her notice of deficiency:

| Expenses | Amount Claimed | Amount Allowed | Amount Disallowed |
|---|---|---|---|
| Interest | $36,051 | -0- | $36,051 |
| Depreciation | 21,029 | $12,142 | 8,887 |
| Travel | 19,027 | -0- | 19,027 |
| Legal/professional | 101,557 | -0- | 101,557 |
| Rent | 10,365 | -0- | 10,365 |

Petitioner claimed a deduction for depreciation on Schedule C of his 1991 Federal income tax return related to the following assets that were placed in service with petitioner's real estate business in 1991:

| Description | Claimed Cost | Claimed Depreciation |
|---|---|---|
| Equipment | $31,620 | $1,581 |
| Office equipment | 1,061 | 265 |
| Computer equipment | 5,511 | 1,929 |
| Office equipment | 1,800 | 450 |
| Computer equipment | 736 | 258 |
| Office equipment | 244 | 44 |
| Computer equipment | 5,214 | 1,304 |
| Office furniture | 475 | 85 |
| Office equipment | 1,110 | 119 |
| Copier | 3,849 | 192 |
| Toyota van | 23,709 | 2,660 |
| Total: | 75,329 | 8,887 |

Respondent disallowed the $8,887 claimed depreciation deduction.

In petitioner's Schedule D in his 1991 Federal income tax return, he reported as short-term capital gain:

| Item | Date Acquired | Date Sold | Sales Price | Cost or Basis | Gain (or Loss) |
|------|---------------|-----------|-------------|---------------|----------------|
| Land | 7/01/90 | 1/19/91 | $4,000,000 | $3,175,000 | $825,000 |

Subsequently, petitioner reported the capital gain under the installment method by filing an amended return.

In respondent's notice of deficiency, petitioner's election of the installment method to report the capital gain recognized on the sale of real property was not recognized. In addition, respondent reduced the amount of gain reported from $825,000 to $727,031.

In connection with the sale of the above land, petitioner became entangled in a lawsuit. Petitioner was a partner in a partnership, Moomuku Country Club (Moomuku). The partnership received $200,000 from a Japanese entity, Utsunomiya, in connection with the same parcel of land. A dispute arose between the parties regarding the purpose of Utsunomiya's $200,000 deposit. Utsunomiya filed suit, and also filed a "lis pendens" on the property.[3] Thereafter, in January 1991, Moomuku sold the parcel of land to another Japanese entity, Japanese Grand Prix

---

[3] "Lis pendens" is a notice filed on public records for the purpose of warning all persons that the title to certain property is in litigation, and that they are in danger of being bound by an adverse judgment. The notice is for the purpose of preserving rights pending litigation. Black's Law Dictionary 932 (6th ed. 1990).

(JGP). JGP eventually intervened in the lawsuit between Utsunomiya and Moomuku and filed a motion to expunge Utsunomiya's "lis pendens" from the property. JGP also cross filed against Moomuku and petitioner, alleging the "lis pendens" attached to the land was contrary to promises, warranties and representations made at the time of sale.

During the year at issue, petitioner was also engaged in another lawsuit. This particular action was related to his position as a general contractor. It appears that the second lawsuit concerned an alleged breach of contract with respect to petitioner's general contracting activity.

In the process of defending himself, petitioner retained various attorneys for representation in the lawsuits.

In addition to disallowing petitioner's claimed Schedule C expense deduction for legal and professional fees in the amount of $101,557, respondent, in the notice of deficiency, recharacterized this expense as a miscellaneous itemized deduction under Schedule A. Respondent determined that the legal expenses were not incurred in connection with petitioner's trade or business.

Respondent also determined that petitioner received payments during 1991 related to the sale of stocks and bonds that were not reflected as capital gains or losses in his 1991 return.

Overall, respondent, in the statutory notice of deficiency, determined that the expenses underlying the denied deductions

were either personal in nature or inadequately substantiated.

At trial, in an attempt to substantiate his claimed deductions, petitioner provided copies of canceled checks, drawn on his personal account. Petitioner, however, failed to indicate the precise nature of the expenses underlying many of the checks. Thus, it was necessary for this Court to examine individually and question petitioner regarding the item purchased by each particular check.

## OPINION

### 1. Schedule C Deductions

The issue here is whether petitioner may properly claim the deductions in question. Deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to any claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Generally, section 162(a) allows a deduction for "ordinary and necessary" expenses incurred while carrying on a trade or business. Respondent does not appear to question that petitioner's real estate activities constitute a "trade or business". Respondent, however, contends that petitioner has failed to prove that the deductions claimed are "ordinary and necessary" expenses arising from petitioner's real estate activities. An ordinary and necessary expense is one which is appropriate and helpful to the taxpayer's business and which results from an activity which is a common and accepted practice.

Boser v. Commissioner, 77 T.C. 1124, 1132 (1981).  In this regard, a taxpayer must keep sufficient records to establish the amount of the deductions or other matters required to be shown on the taxpayer's return.  See sec. 1.6001-1(a), Income Tax Regs.

In the event taxpayers establish that they have incurred trade or business expenses, but are unable to substantiate the precise amount of the expenses, we may estimate the amount of the deductible expenses.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, we cannot estimate deductible expenses unless the taxpayer presents evidence adequate to provide some rational basis upon which estimates may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

A.  Interest Expense Deduction

Petitioner claimed an interest expense deduction in the amount of $36,051 on Schedule C of his 1991 Federal income tax return.  Respondent disallowed the claimed deduction in its entirety.  At trial, petitioner stated that the deduction is composed of payments made by petitioner to a corporation and an individual, respectively, in 1991:  Nuuanu Streamside, Inc., and Steven Hirahara.  Petitioner provided documentation in the form of two checks he issued to these payees.

On September 30, 1991, petitioner paid $185,000 through business check No. 1926 to an entity denominated Nuuanu Streamside, Inc.  The check was from "Les Hirahara - Realtor".  The memo portion of this check states that it is for the payment

of principal and interest. The signature on the check is illegible. Stamped on the face of petitioner's check is the notation, dated October 2, 1991, that the check was returned due to "Endorsement Irregular/ ENDORSEMENT MISSING".

On December 27, 1991, through business check No. 1983, petitioner paid $1,000 to the order of Steven Hirahara. The check was from "Les Hirahara - Realtor". The memo portion of this check states that it is for the payment of interest.

The evidence offered is insufficient to show petitioner's entitlement to the interest deduction. The payment to Nuuanu Streamside, Inc., was not made because the check was returned due to an irregularity. The only evidence pertaining to the interest deduction is petitioner's unsubstantiated testimony. He did not proffer the testimony of a representative from Nuuanu Streamside, Inc., nor his brother's testimony (Steven Hirahara) in an attempt to corroborate petitioner's stated reasons for the payments.

Moreover, petitioner did not document the purported loan amounts, the amounts of interest payable, or the terms of payment. The notations on the submitted checks are insufficient. Petitioner's failure to provide corroborative evidence presumably in his control weighs against him. Tokarski v. Commissioner, 87 T.C. 74 (1986).

Respondent is sustained on this issue.

B. Depreciation Expense Deduction

Petitioner claimed a deduction for depreciation on Schedule C of his 1991 income tax return with respect to assets that were

placed in service in 1991.  Respondent concedes petitioner's cost basis in some of the equipment, but contends that petitioner has not demonstrated a nexus between the purchases and petitioner's business use.

Petitioner placed on the record certain checks he issued in 1991 to certain payees as follows:

| Payee | Amount | Entry |
|---|---|---|
| Sears, Roebuck and Co. | $1,800.00 | Office equipment |
| Mr. Software | 736.00 | Office equipment |
| Shirokiya | 244.14 | Office phone |
| Mr. Software | 4,572.00 | Computer soft |
| Ushijima | 475.00 | [Blank] |
| Mr. Software | 641.93 | [Blank] |
| American Express | 752.09 | 3728-126520-01007 |
| University Copy Systems of Hawaii | 3,849.08 | Sales No. 0CSA08 |
| Shirokiya | 1,060.68 | [Blank] |
| Sears, Roebuck and Co. | 1,110.35 | 8-93667 73315 6 |
| Thomason Toyota | 23,038.50 | Auto |
| Matson Navigation Co. | 670.60 | Shipment No. MNCHF4933 |

Petitioner also supplied a price quotation issued by Pacific Machinery to him on December 18, 1991.

At trial, petitioner introduced canceled checks, attributable to a variety of expenditures, related to his real estate proprietorship.  Many of these expenditures are business related.  Petitioner purchased software and computers in connection with his real estate business from Mr. Software.  He utilized the computers for word processing and accounting functions, as well as to call on a database of listings on properties.  Petitioner purchased a recording telephone with two lines from Shirokiya for $244.14.  He also acquired a fax machine from University Copy Systems of Hawaii for $3,849.08.  These items were utilized in his real estate business office.  Hence,

we allow depreciation with respect to these particular items in question.

Petitioner purchased a Toyota Previa van for his company for $23,038.50 from Thomason Toyota. He bought the van in Oregon. He also expended $670.60 to ship the van to Hawaii from the mainland. Petitioner stated that the van was strictly utilized for business purposes. Ultimately, however, petitioner did not meet the standard required by section 274 to show the vehicle's business usage. See sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). With respect to the remaining expenditures, petitioner's testimony was vague and self-serving. For example, according to petitioner's testimony, and the canceled checks submitted for the record, he purchased various pieces of office equipment in 1991. However, petitioner has failed to substantiate the extent to which office equipment, such as chairs from Ushijima, was used in his trade or business. Petitioner was also unable to recollect the reasons for the amounts paid to Sears, Shirokiya, and American Express. As petitioner has failed to specify the business purpose of these particular expenses, we sustain respondent's determination disallowing these deductions.

C. Travel Expense Deduction

Petitioner claimed a travel expense deduction in the amount of $19,027 on Schedule C of his 1991 Federal income tax return. Respondent disallowed this deduction in its entirety in the statutory notice of deficiency.

As noted, to be entitled to a deduction under section 162(a)(2), petitioner must prove the expenses were: (1) Ordinary or "normal, usual or customary", Deputy v. du Pont 308 U.S. 488, 495 (1940); (2) were necessary or "appropriate and helpful", Welch v. Helvering, 290 U.S. 111, 113 (1933); and (3) bore a reasonable and proximate relationship to the trade or business of the taxpayer, Kinney v. Commissioner, 66 T.C. 122, 126 (1976); Keating v. Commissioner, T.C. Memo. 1995-101; Hosbein v. Commissioner, T.C. Memo. 1985-373.  In addition, under section 274(d), petitioner must substantiate with adequate records or by sufficient evidence corroborating his statement: (i) The amount of such expense, (ii) the time, (iii) place, and (iv) the business purpose of the expense.  Sec. 1.274-5(b)(2), Income Tax Regs.  It is not enough to establish one of the elements, for example, that a particular trip was business related; rather, all of the elements must be established.  Sec. 274(d).  The requirements are not subject to our discretion and, hence, we are unable to estimate a taxpayer's expenses because section 274(d) is intended to supersede Cohan v. Commissioner, 39 F.2d 540(2d Cir. 1930); Keating v. Commissioner, supra; Jeffers v. Commissioner, T.C. Memo. 1986-285; sec. 1.274-5(a)(3), Income Tax Regs.

Petitioner testified that he traveled in connection with his real estate business.  Petitioner contends that he investigated various golf courses for possible purchase.  In that regard, petitioner traveled several times a year.  Petitioner was unable

to independently corroborate his testimony. Petitioner proffered canceled checks in connection with the travel expenses totaling $18,475.86. However, checks alone do not meet the stringent substantiation requirements of section 274(d). See also sec. 1.274-5(c)(2)(iii), Income Tax Regs. There were no receipts, vouchers, itineraries, diaries, logs, and calendars made by petitioner in connection with the alleged travel expenses. Moreover, petitioner was unable to demonstrate that the travel expenses bore a reasonable and proximate relationship to the trade or business of his real estate proprietorship. See sec. 162(a).

Accordingly, we sustain respondent's determinations with respect to these travel expenses.

D.  Legal and Professional Service Expense Deduction

Petitioner claimed a deduction for legal and professional expenses in the amount of $101,557.00 on Schedule C of his Federal income tax return. Respondent disallowed the claimed deduction on Schedule C and recharacterized it as a miscellaneous itemized deduction under Schedule A.

The record concerning the legal fees consists mostly of photocopies of checks to various attorneys, as well as petitioner's own summary sheet of the legal expenses incurred. Petitioner estimated that $80,000 of the legal fees was expended in connection with the lawsuit concerning the general contracting activity.

Petitioner's failure to keep more accurate records or produce more convincing evidence lessens the probative quality of his contentions. Based on the record before us, we hold that $25,000 of the legal expense may be claimed on Schedule C and the remainder on Schedule A.

E. <u>Rental Expenses Deduction</u>

Respondent has conceded that petitioner is entitled to the rental expense deduction in the amount of $10,365, claimed on the Schedule C of his 1991 Federal income tax return.

2. <u>Schedule D Capital Gain Adjustments</u>

On Schedule D of his 1991 Federal income tax return, petitioner reported a short-term capital gain in the amount of $825,000 in connection with the sale of real property. Subsequently, petitioner elected to report this gain under the installment method by filing an amended return. Respondent, in turn, adjusted petitioner's income tax liability to reflect the installment sale. Respondent then disallowed petitioner's installment method election and determined that the full amount of the gain realized from the real property sale should be recognized in 1991.

Additionally, respondent adjusted petitioner's Schedule D to reflect unreported capital gains from the sale of stocks in the amount of $39,393. Petitioner's return failed to incorporate information with respect to the stock sales. At trial, petitioner presented documentation substantiating his basis in the stocks sold in 1991. Respondent conceded that, instead of

$39,393 in capital gains, petitioner was entitled to a short-term capital loss in the amount of $2,090.

With respect to the capital gains derived from the sale of real property in 1991, respondent contends that petitioner effectively elected out of the installment method by reporting the full amount of his gain on his timely filed 1991 Federal income tax return.  Petitioner, on the other hand, argues that he received payment after the close of the taxable year in which the disposition of the real property occurred.

Petitioner evidently contends that $250,000 of the real estate proceeds were deposited with the local courts in Hawaii pending resolution of the Moomuku lawsuit.  In that regard, he was also forced to take a note for $600,000.  This event caused petitioner to file an amended tax return.  On the other hand, respondent argues that petitioner was liable for the full amount originally reported in 1991.  Petitioner presented no documentation such as affidavits or receipts to demonstrate that a portion of the proceeds was deposited with the local courts. He also did not present any evidence regarding the alleged note. His testimony on this particular subject was disjointed.  There was no testimony by other witnesses. Hence, petitioner has not persuaded us that the proceeds were not under his dominion and control.

Section 453 provides that income from an installment sale is accounted for under the installment method.  Bolton v. Commissioner, 92 T.C. 303, 305 (1989).  An installment sale is

defined as a disposition of property where at least one payment is to be received after the close of the taxable year in which the disposition occurs. Sec. 453(b)(1). Income from an installment sale is to be taken into account using the installment method, unless a taxpayer elects not to have the method apply. Sec. 453(a), (d). Generally, the election not to report a disposition of property on the installment method is made by the due date of the taxpayer's return for the year in which the disposition occurs, and in the manner prescribed by the appropriate tax forms for that return. See Bolton v. Commissioner, supra; see also sec. 15A.453-1(d)(3), Temporary Income Tax Regs., 46 Fed. Reg. 10718 (Feb. 4, 1981). Specifically, a taxpayer who reports an amount realized equal to the selling price including the full face amount of any installment obligation on the tax return filed for the taxable year in which the installment sale occurs will be considered to have made an effective election. Sec. 15A.453-1(d)(3)(i), Temporary Income Tax Regs., supra. Generally such an election is irrevocable and may only be revoked with respondent's permission. Sec. 15A.453-1(d)(4), Temporary Income Tax Regs., supra.

Petitioner filed his 1991 Federal income tax return and reported the full amount of the gain realized from the real property sale. Petitioner has not shown that respondent consented to a revocation of his effective election out of the installment method. Accordingly, respondent is sustained on this issue.

### 3. Schedule A Itemized Deductions

Respondent concedes that petitioner's legal and professional expenses incurred in connection with Moomuku and petitioner's general contracting activity, to the extent not deductible on Schedule C, are allowable as miscellaneous itemized deductions, subject to a 2-percent adjusted gross income floor for 1991. As discussed, petitioner's expenses are not fully allowable as Schedule C deductions.

### 4. Accuracy-Related Penalty

The notice of deficiency contains a misstatement of the penalty as section 6651(a)(1) for 1991. Respondent, in a attempt to correct this error, asserted in the answer that petitioner is liable for an accuracy-related penalty under section 6662(a). See Rule 36. Petitioner does not contend that the notice of deficiency is invalid. Generally, an error on a notice of deficiency does not render the notice defective. Campbell v. Commissioner, 90 T.C. 110 (1988). We find petitioner is liable for an accuracy-related penalty under section 6662(a) based on a preponderance of the evidence in the record. Accordingly, any debate about the burden of proof on this matter becomes academic.

The accuracy-related penalty is equal to 20 percent of any portion of an underpayment attributable to a taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). The term "negligence" includes any failure to do what a reasonable and ordinarily prudent person would do under the same circumstances. Neely v. Commissioner, 85 T.C. 934, 947

(1985).  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  The penalty does not apply to any portion of an underpayment for which there was reasonable cause and with respect to which the taxpayer acted in good faith. Sec. 6664(c).

Petitioner testified that he is entitled to the deductions in question; however, his position is not reasonable under the circumstances.  He failed to provide sufficient evidence regarding a significant portion of his expenses.  Petitioner did not have adequate records and this required our review of each expense incurred and canceled checks presented at the trial.

To reflect the foregoing,

Decision will be entered

under Rule 155.