T.C. Memo. 2000-343

UNITED STATES TAX COURT

PAUL D. AND JOYCE E. KRAUSE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12457-99.                    Filed November 8, 2000.

Paul D. Krause, pro se.

Ann M. Welhaf, for respondent.

MEMORANDUM OPINION

COUVILLION, Special Trial Judge:  Respondent determined a
deficiency of $6,974 in petitioners' 1994 Federal income tax and
an addition to tax under section 6651(a)(1) of $286.[1]

Respondent conceded the addition to tax under section
6651(a)(1).  Petitioners conceded all other adjustments in the

_____

[1]     Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the year at issue.

notice of deficiency. The sole issue for decision is whether petitioners are entitled to report gain realized from the sale of real estate under the installment method pursuant to section 453 when petitioners, on their 1994 income tax return, reported the gain in full as a completed sale.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Albuquerque, New Mexico.

During 1994, petitioners sold three real estate properties, the consideration for which was to be paid to them for a period or periods extending beyond the year of sale. The parties stipulated that these properties were sold "under an installment method". On their Federal income tax return for 1994, petitioners reported the sales on a Schedule D, Capital Gains and Losses, as long-term capital gains. Their tax liability for 1994 was based upon the entire gain realized from the sales of their properties. Respondent determined that petitioners underreported the gain realized from one of the properties, and petitioners have conceded that determination, as noted above. Petitioners chose to include the entire gains realized from the sales of their real estate properties on their 1994 return because they had incurred and claimed a section 179 expense during 1994 of $17,500 that would substantially offset or mitigate the tax on

the gains realized from their real estate sales. Respondent, however, determined in the notice of deficiency that petitioners were not entitled to a section 179 expense deduction and, therefore, disallowed that expense. Petitioners conceded that adjustment and now seek the benefit of section 453 to have their real estate gains taxed under the installment method. Respondent challenges their right to do so.

Section 453 provides that income from an installment sale is accounted for under the installment method. See Bolton v. Commissioner, 92 T.C. 303, 305 (1989). An installment sale is defined as a disposition of property where at least one payment is to be received after the close of the taxable year in which the disposition occurs. See sec. 453(b)(1). Income from an installment sale is automatically to be taken into account as installment income under section 453 unless the taxpayer elects not to have the method apply. See sec. 453(a), (d); Bolton v. Commissioner, supra at 306. Generally, an election by the taxpayer not to report a disposition of property on the installment method is made by the due date of the taxpayer's return for the year in which the disposition occurs and in the manner prescribed by the appropriate tax forms for that return. See Bolton v. Commissioner, supra; sec. 15A.453-1T(d)(3), Temporary Income Tax Regs., 46 Fed. Reg. 10718 (Feb. 4, 1981). Specifically, a taxpayer who reports an amount realized which

equals the selling price and includes the full face amount of any installment obligations received in connection with the sale is considered to have made an effective election that the installment sales provisions of section 453 are not applicable. See sec. 15A.453-1T(d)(3)(i), Temporary Income Tax Regs., supra. Generally, such an election is irrevocable and may only be revoked with the Secretary's permission. See sec. 15A.453-1T(d)(4), Temporary Income Tax Regs., supra. Here, petitioners never applied to the Commissioner to have their election revoked and to have real estate gains at issue taxed under the section 453 installment method. Petitioners admittedly now seek the benefits of the installment method because a substantial section 179 expense claimed on their 1994 income tax return was disallowed; thus, they have been deprived of a deduction that would have substantially offset those gains. Section 15A.453-1(d)(4), Temporary Income Tax Regs., supra, provides generally that an election not to have the installment method apply will not be revoked when one of the purposes for the revocation is the avoidance of Federal income taxes. Stated another way, the election is not generally revocable where the taxpayer's desire for the revocation is based on hindsight rather than foresight. The Court, therefore, rejects petitioners' claim to have their

1994 real estate gains taxed under the section 453 installment method.

                    Decision will be entered for
          respondent for the deficiency in tax
          and for petitioners for the addition
          to tax.