T.C. Summary Opinion 2001-137


UNITED STATES TAX COURT



DONNA M. BOKMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14105-99S.                    Filed September 5, 2001.



Donna M. Bokman, pro se.

<u>Daniel J. Parent</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $35,230 for the taxable year 1995.

The issue for decision is whether petitioner made a valid election under section 453(d) not to report the sale of a residence using the installment method.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Byron, California, on the date the petition was filed in this case.

Petitioner and her former husband, Joseph Bokman, were divorced in 1986. Petitioner purchased a residence in Byron, California, on March 23, 1993. She then sold a joint tenancy interest in this residence to Mr. Bokman on May 17, 1995. Mr. Bokman received this interest in exchange for a secured note requiring him to pay petitioner $2,083.33 a month in interest for a period of 10 years, followed by the payment of the principal amount of $250,000. Payment of interest was to commence on January 1, 1996. The note was secured using a deed of trust on Mr. Bokman's interest in the residence. Mr. Bokman made the following payments during 1996:

| Date  | Amount  |
|-------|---------|
| 2/07  | $2,000  |
| 3/07  | 2,000   |
| 4/29  | 2,000   |
| 6/03  | 2,000   |
| 7/01  | 2,000   |
| 8/01  | 2,000   |
| 8/28  | 2,000   |
| 9/26  | 2,000   |
| 10/31 | 2,000   |
| 11/26 | 2,000   |
| 12/30 | 2,000   |
| 12/31 | 3,813   |

Petitioner received an extension of time to file her 1995 Federal income tax return until October 15, 1996. On that date, she mailed the return from her Byron, California, home in an envelope stamped by a private post meter with the same date. The Internal Revenue Service Center in Ogden, Utah, received the return on October 21, 1996. Petitioner paid $2,976 with her 1995 return. She paid an additional $94.48 in connection with the 1995 return on December 16, 1996, for interest and an addition to tax for failure to pay.

Petitioner filed with the return a Form 2119, Sale of Your Home, reflecting the sale of an interest in the residence. On this form, she reported an amount realized of $250,000 and gain of $145,738. She reported that she had used the residence as her "main home" for at least 3 years of the 5-year period before the sale. Claiming the exclusion under section 121 in the maximum amount of $125,000, she included in income only $20,738 of the gain on the sale.

On August 10, 1999, respondent issued petitioner a statutory notice of deficiency for 1995 with the determination that petitioner had unreported capital gain of $125,000.[1]  The notice of deficiency stated that petitioner had elected out of the installment method and did not qualify for the claimed exclusion. Petitioner concedes that she did not live in the residence for the 3 years as she claimed on her return and is therefore not entitled to the exclusion.  She argues that respondent's determination is in error because her election out of the installment method was invalid.

As a general rule, taxpayers are required to use the "installment method" with respect to any income from an "installment sale".  Sec. 453(a).  The installment method is a method under which income is recognized in the year or years in which payments are received.  Sec. 453(c).  An installment sale generally is any sale in which at least one payment is to be received after the close of the taxable year of the sale.  Sec. 453(b)(1).

Taxpayers may elect out of the otherwise mandatory installment method.  Sec. 453(d)(1).  Subject to exceptions not applicable here, such an election must be made on or before the due date (including extensions) for filing the taxpayer's return

---

[1]All other adjustments in the notice of deficiency are computational and will be resolved by the Court's holding on the issue in this case.

for the taxable year of the sale.  Sec. 453(d)(2).  One method by which a taxpayer makes the election is to report the full amount realized on the sale on his income tax return filed for the taxable year of the sale.  Sec. 15A.453-1(d)(3)(i), Temporary Income Tax Regs., 46 Fed. Reg. 10718 (Feb. 4, 1981).  Once made, an election cannot be revoked without the consent of the Secretary.  Sec. 453(d)(3).

Petitioner concedes that she reported the full amount realized from the sale of her residence on her 1995 tax return. She argues, however, that this was not a valid election out of the installment method because her return was not timely filed, thereby causing the election to be invalid under section 453(d)(2).

Generally, a tax return is filed on the date it is received by the Internal Revenue Service (IRS).  However, if a tax return meets the requirements of section 7502, the return will be deemed to have been filed on the date it was postmarked, even if it is received by the IRS after its due date.  The following requirements apply to documents which are mailed in envelopes with private post meter postmarks:

> If the postmark on the envelope * * * is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date * * * prescribed for filing the document, and (2) the document must be received * * * not later than the time when a document contained in an envelope * * * which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it

were postmarked at the same point of origin by the United States Post Office on the last date * * * prescribed for filing the document.  However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date * * * prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. * * *

Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.

Petitioner is making the unusual argument that her return was not timely filed, despite the fact that respondent has apparently treated it as timely in all respects.  Respondent argues that petitioner made prior representations that her return was timely filed, and that "Petitioner should not be allowed to choose whether or not her return was mailed timely based up[on] which scenario is to her benefit at that particular moment."  We disagree.  Petitioner's ability to rely on the fact that her return was filed late to escape the unintended election is admittedly fortuitous for her, but cannot be set aside merely for that reason.

The regulation quoted above is written under the assumption that the taxpayer desires to show that a return was timely filed. Reading the regulation in light of petitioner's situation leads

to some incongruities. Nonetheless, we find that the record in this case shows that section 7502 is inapplicable and that petitioner's return was not timely filed.

The first requirement for the applicability of section 7502 is that the postmark on the envelope bear a date on or before the due date of the return. Id. This requirement is met because the return bears the date of October 15, 1996, its due date. The second requirement is that the return be received in the ordinary amount of time for a document bearing that postmark date. Id. This requirement has not been met. Petitioner mailed her return on October 15, 1996, and the IRS did not receive the return until 6 days later, on October 21, 1996. We take judicial notice of the U.S. Postal Service's Publication 201, Consumer's Guide to Postal Services & Products, a portion of which petitioner attached to her trial memorandum. This publication states that 3 days is the normal delivery time for nonlocal first class mail. See also Kirschenbaum v. Commissioner, T.C. Memo. 2001-102; Robinson v. Commissioner, T.C. Memo. 2000-146; Fujioka v. Commissioner, T.C. Memo. 1999-316; Chang v. Commissioner, T.C. Memo. 1998-298. The delivery time of 6 days in this case falls outside this timeframe.

A return that is not received in the ordinary amount of time will nevertheless be considered as having been so received if certain requirements are met. These requirements have not been

met in this case.  First, it must have been deposited in the mail before the last collection of mail on the return's due date. Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.  There is no evidence of when the last collection was made in this case, or what time of day petitioner deposited the return.  Second, the delay in receiving the return must be shown to have been due to a delay in the transmission of the mail.  Id.  There is no evidence showing such a delay in this case.

Because section 7502 is not applicable, petitioner's return was untimely filed when the IRS received it on October 21, 1996. Thus, her election out of the installment method was not a valid election under section 453(d), contrary to respondent's determination.  See Bolton v. Commissioner, 92 T.C. 303 (1989).

Finally, petitioner included in gross income a capital gain of $20,738 from the sale of the residence (the portion of the gain which exceeded the claimed exclusion).  Because petitioner did not make a valid election under section 453(d), she is required under section 453(a) to report the gain on the sale of the residence using the installment method.  Thus, the inclusion of any portion of the gain from the sale in taxable year 1995 is in error.  See sec. 453(c).  Respondent has conceded that "If petitioner had not included the gain from the sale of her residence on the return, she would have had no tax liability for 1995."  The record supports this concession.  We accordingly find

- 9 -

that petitioner has made an overpayment in the amount of $3,070.48.  See sec. 6512(b).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for petitioner reflecting no deficiency and an overpayment in the amount of $3,070.48.</u>